Robert J. Lauson, Esq.
LAUSON & TARVER LLP
880 Apollo Street, Suite 301
El Segundo, CA  90245
Phone:  (310) 726-0892
Fax:    (310) 726-0893
Email:  bob@lauson.com

Attorney for Plaintiff
AARDWOLF LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| **AARDWOLF LLC**, a California limited liability company,<br><br>**Plaintiff**,<br><br>v.<br><br>**AARDWOLF INDUSTRIES SOLE MEMBER LLC**, a Vietnam limited liability company; **AARDWOLF AUSTRALIA PTY. LTD.**, an Australian company; **HERDGRAPH PTY. LTD.**, an Australian company; **BENJAMEN JAMES CORBETT**, an individual; and DOES 1 through 10, inclusive,<br><br>**Defendants.** | **CASE NO.:**<br><br>**Complaint For:**<br><br>1.  False Designation Of Origin Under Lanham Act 15 U.S.C. §1125(a), et seq.;<br>2.  Declaratory Judgment Of Trademark Invalidity<br>3.  Declaratory Judgment Of Copyright Invalidity<br>4.  Declaratory Judgment Of Fair Use<br>5.  Declaratory Judgment Of Waiver<br><br>*Demand For Jury Trial* |

/ / /

/ / /

/ / /

FOR ITS COMPLAINT Plaintiff AARDWOLF LLC ("Plaintiff") alleges as follows:

## THE PARTIES

1. Plaintiff Aardwolf LLC is a California limited liability company organized and existing under the laws of the State of California with a business address of 1334 Parkview Ave. #230, Manhattan Beach, CA 90266.

2. Upon information and belief, Defendant Aardwolf Industries Sole Member LLC ("Aardwolf Vietnam"), is a limited liability company organized and existing under the laws of the country of Vietnam, with a business address of Duong An Phu 23, Khu Pho 1B, Phuong An Phu Thi Xa Thuan An, Tinh Binh Duong, Vietnam.

3. Upon information and belief, Defendant Aardwolf Australia Pty. Ltd. ("Aardwolf Australia") is a company organized and existing under the laws of the country of Australia with a business address of 2/106 Magowar Road, Girraween New South Wales 2145.

4. Upon information and belief, Defendant Herdgraph Pty. Ltd. ("Herdgraph") is a company organized and existing under the laws of the country of Australia, with a last known business address of 32 Martin Pl., Sydney New South Wales 2000.

5. Upon information and belief Defendant Benjamen James Corbett ("Corbett") is an individual residing and domiciled in Australia, with last known address of 155 Ernest St., Crows Nest, New South Wales 2065.

6. Plaintiff is ignorant of the true names and capacities of Doe Defendants 1-10, inclusive, and therefore sues them by such fictitious names. Plaintiff will seek leave to amend this complaint to allege their true names and capacities when they have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that the harm to Plaintiff as

1 alleged herein was proximately caused by those Defendants.  At all times herein
2 mentioned, Defendants DOES 1-10, inclusive, were the agents, servants, employees
3 or attorneys of their Co-Defendants, and in doing the things hereinafter alleged
4 were acting within the course and scope of their authority as those agents, servants,
5 employees or attorneys, and with the permission and consent of their Co-
6 Defendants.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction for this action under 15 U.S.C. § 1121, 20 U.S.C. § 1338, and 20 U.S.C. § 1331 in that it raises federal questions under the United States Trademark Act (the "Lanham Act"), 15 U.S.C. § 1051 *et seq.*, the United States Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* (the "Copyright Act"), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

8. This Court has general personal jurisdiction over Defendants in that, upon information and belief, they have continuous and systematic contacts with California including substantial sales here.  This Court also has specific personal jurisdiction by Defendants sending a cease and desist letter to Plaintiff's counsel located in this district.  Defendants have sufficient minimum contacts relevant to the trademark dispute, and given these substantial sales and contacts it is not unreasonable or unfair to hale them into Court here.

9. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391as a substantial number of the events on which the claims are based took place in this district, and the corporate defendants reside here them being subject to personal jurisdiction, and Defendant Corbett being a non-resident of the United States may be sued here.

## FACTUAL BACKGROUND

10. Nhoan Hoa "Harry" Nguyen is an owner and officer of non-party Abaco Machines USA Inc. ("Abaco") and managing member of Plaintiff Aardwolf LLC.  Abaco and Plaintiff specialize in developing and producing material handling

equipment, including manufacturing and supplying lifting, storing, transporting and cutting equipment for stone, glass, and forklift industries in the U.S. and throughout the world.

11. Defendant Aardwolf Australia is an Australian based company specializing in similar material handling equipment for the stone, glass and construction industries, and distributing its products through distributors in USA, Europe, Japan, Canada, England, India, Australia and New Zealand.

12. Upon information and belief, Defendant Aardwolf Vietnam is subsidiary or a related company in privity with Defendant Aardwolf Australia, manufacturing products for Aardwolf Australia in the Binh Duon Province of Vietnam.

13. Since 2003 Defendant Herdgraph was the owner of trademark rights in the U.S., Australia and the European Union for the AARDWOLF and AARDWOLF (and design) marks (the "AARDWOLF marks") for equipment used in the stone and construction industry, including material handling equipment, lifters, spreader-bars for slings, forklift booms, transport frames, dollies and trolleys, site saws, brick saws, cement mixers, etc.

14. In about 2006, Defendants Herdgraph and Aardwolf Australia initiated a patent infringement action in Australia against Abaco Machines' Australian division. Shortly thereafter Defendants Herdgraph and Aardwolf Australia abandoned their patent claims against Abaco.

15. In 2010 Abaco Machines Australia applied for costs of the proceedings initiated by Defendants Herdgraph and Aardwolf Australia, and on February 17, 2011 the Australian Federal Court awarded Abaco costs of around $80,000.

16. Upon information and belief, in 2010 Defendant Herdgraph became insolvent and was unable to pay its debts. It was around this time that Defendant Aardwolf Australia was officially incorporated on March 29, 2011.

17. On August 8, 2011 Defendant Herdgraph was placed into liquidation in Australia, ceasing all powers of the directors of Herdgraph, and granting all such power to the designated official Liquidator.

18. Thereafter Abaco and Mr. Nguyen began discussions with the Liquidator to acquire Defendants Herdgraph and Aardwolf Australia's rights, title and interests in the AARDWOLF trademarks. The discussions resulted in the Liquidator assigning all common law and registered trademark rights in the AARDWOLF marks to Mr. Nguyen in a Trademark Deed of Assignment on November 29, 2013. Attached Exhibit A is a true and correct copy of the Trademark Deed of Assignment.

19. Given Defendant Herdgraph's U.S. Registration No. 3,019,009 expired in 2012, on January 3, 2014 Mr. Nguyen filed intent-to-use applications for AARDWOLF, application serial no. 86/012,992 on July 17, 2013, and AARDWOLF (and design), 86/156,865 for lifting apparatus and wheeled dollies, among other goods and services. Attached at Exhibit B are true and correct copies of these AARDWOLF trademark applications.

20. The USPTO approved both applications, and Mr. Nguyen filed extensions of time to file statements of use pending its use of the marks in the U.S. Thereafter, Mr. Nguyen assigned all his rights in the AARDWOLF marks to Plaintiff. Attached at Exhibit C are true and correct copies of these assignments.

21. Despite the Trademark Deed, Defendants continue using the AARDWOLF marks around the world, including in Australia, Europe, Vietnam, U.S. and Canada, and continue asserting their trademark rights against Plaintiff, including filing trademark applications in different countries forcing Plaintiff to oppose them, and threatening to sue Plaintiff for trademark infringement by sending improper cease-and-desist letters. Attached at Exhibit D is a true and correct copy of Defendants' cease-and-desist letter. Attached at Exhibit E is a true and correct copy of Plaintiff's response.

1  22. Defendants are allowing their AARDWOLF and AARDWOLF (and design) federal trademark registrations to expire and/or reapplying in the names of its related companies, subsidiaries or those in privity with them, in an improper attempt to secure trademark rights even after the assignment to Plaintiff. Attached at Exhibit F is a true and correct copy of a record showing Defendants' expired trademarks. Attached at Exhibit G is a true and correct copy of Defendants' new trademark applications.

23. Defendants' U.S. attorney Gregory F. Buhyoff contends that Defendant Aardwolf Australia abandoned the U.S. AARDWOLF mark about seven (7) years ago, and Defendant Aardwolf Vietnam started using it at about the same time, such that the Liquidator had nothing to assign to Mr. Nguyen and the Trademark Deed Assignment is ineffective. Varous information available online indicates that Defendants Aardwolf Australia and Aardwolf Vietnam are the same or related companies. Attached at Exhibit H are true and correct copies of printouts of Defendants' websites and their company profiles on third party websites.

24. In addition, upon information and belief, Defendant Corbett, acting in concert with Defendants in an effort to prevent Plaintiff from using the AARDWOLF marks, registered the AARDWOLF logo with the U.S. Copyright Office on October 2, 2014, Reg. No. VA0001927372, alleging a date of first publication of June 9, 2003. *See* Attached Exhibit I. Defendant Corbett contends he licensed the AARDWOLF copyright to Defendants Aardwolf Australia and/or Aardwolf Vietnam, and Plaintiff reproducing the AARDWOLF copyrighted logo in the U.S. to mark its products will constitute copyright infringement. Upon information and belief, the Defendant Corbett's copyrighted logo appears as follows:



25. On November 18, 2014 the parties, through counsel, discussed a potential resolution of this matter but were unable to come to an agreement.

### FIRST CAUSE OF ACTION

**False Designation Of Origin Under Lanham Act 15 U.S.C. §1125(a), et seq.**

**(Against Defendants Aardwolf Vietnam, Aardwolf Australia and Herdgraph)**

26. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-25 as though set forth herein.

27. In order to settle debts with Plaintiff, on November 29, 2013 the Liquidator assigned Plaintiff all common law and registered trademark rights in the AARDWOLF marks to in a Trademark Deed of Assignment. Exhibit A.

28. Despite the Trademark Deed of Assignment, Defendants continue to use the AARDWOLF marks in the U.S.

29. Defendants' use of the AARDWOLF marks constitutes false or misleading designation of origin and a false or misleading description and representation as to their goods and services, including words, and designs falsely describing or representing to the public at large that their services are related to those similar goods or services provided by Plaintiff's AARDWOLF marks.

30. Defendants continue to use in commerce the AARDWOLF marks in connection with goods or services in a manner that is likely to cause confusion, mistake or deception as to the origin, sponsorship or approval of the goods and services of Defendants symbolized by Plaintiff's marks.

31. Upon information and belief, Defendants' acts have been willful and in conscious disregard of Plaintiff's trademark rights in the AARDWOLF marks.

32. As a proximate result of Defendants' conduct, as alleged herein, Plaintiff has been damaged in an amount to be proven at the time of trial.

33. Defendants' continued use of the AARDWOLF marks is causing irreparable harm to Plaintiff and its proprietary rights in the AARDWOLF marks.

34. This is also an exceptional case entitling Plaintiff to an award of its attorneys' fees and costs incurred in connection with this action pursuant to 35 U.S.C. § 285.

## SECOND CAUSE OF ACTION

**Declaratory Judgment Of Trademark Invalidity**

**(Against Defendants Aardwolf Vietnam, Aardwolf Australia and Herdgraph)**

35. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-34 as though set forth herein.

36. An actual controversy exists between Plaintiff and Defendants regarding validity, ownership, enforceability and scope of the trademarks-in-suit, and any infringement thereof, as Defendants have already asserted their alleged rights in the marks via their cease and desist letter to Plaintiff.

37. Defendants' AARDWOLF and AARDWOLF (and design) marks are invalid as Plaintiff is the rightful owner of all common law and registered trademark rights and title in the marks pursuant to the Trademark Deed Assignment. Plaintiff is ready and willing to begin use of the marks as is its right to do so.

38. Absent a declaration of trademark invalidity, Defendants will continue to wrongfully assert infringement of AARDWOLF and AARDWOLF (and design) marks causing Plaintiff irreparable injury and damage, and Plaintiff will be unable to ascertain its rights as to the AARDWOLF and AARDWOLF (and design) marks.

39. This is also an exceptional case entitling Plaintiff to an award of its attorneys' fees and costs incurred in connection with this action pursuant to 35 U.S.C. § 285.

## THIRD CAUSE OF ACTION

### Declaratory Judgment of Copyright Invalidity

### (Against Defendant Benjamen James Corbett)

40. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-39 as though set forth herein.

41. An actual controversy exists between Plaintiff and Defendant Corbett regarding validity, enforceability and scope of the AARDWOLF Copyright at issue, and any infringement thereof, as Defendants already asserted their alleged rights in the copyright via a teleconference with Plaintiff's counsel.

42. Defendant Corbett's Copyright registration in the AARDWOLF logo is not entitled to a presumption of validity because it was not registered within five years of first publication of the work.

43. Defendant Corbett's Copyright registration in the AARDWOLF logo does not contain the minimum modicum of originality deserving copyright protection serving merely as a logo and basic shape, and is therefore invalid.

44. Absent a declaration of copyright invalidity, Defendants will continue to wrongfully assert infringement of the AARDWOLF copyright causing Plaintiff irreparable injury and damage, and Plaintiff will be unable to ascertain its rights.

## FOURTH CAUSE OF ACTION

### Declaratory Judgment of Copyright Fair Use

### (Against Defendant Benjamen James Corbett)

45. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-44 as though set forth herein.

46. An actual controversy exists between Plaintiff and Defendant Corbett regarding validity, enforceability and scope of the AARDWOLF Copyright at issue,

- 8 -

and any infringement thereof, as Defendants already asserted their alleged rights in the copyright via a teleconference with Plaintiff's counsel.

47. Plaintiff's use of the copyrighted AARDWOLF logo as part of its AARDWOLF trademarks is transformative, functioning as a source identifier and constitutes fair use within the meaning of the U.S. Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*

48. Absent a declaration of copyright fair use, Defendants will continue to wrongfully assert infringement of the AARDWOLF copyright causing Plaintiff irreparable injury and damage, and Plaintiff will be unable to ascertain its rights.

## FIFTH CAUSE OF ACTION

### Declaratory Judgment of Waiver

### (Against Defendant Benjamen James Corbett)

49. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-48 as though set forth herein.

50. An actual controversy exists between Plaintiff and Defendant Corbett regarding validity, enforceability and scope of the AARDWOLF Copyright at issue, and any infringement thereof, as Defendants already asserted their alleged rights in the copyright via a teleconference with Plaintiff's counsel.

51. The Liquidator assigned all of the AARDWOLF trademark rights to Plaintiff, including the AARDWOLF (and design) mark which incorporates the copyrighted AARDWOLF logo, and Defendant Corbett had knowledge of such assignment.

52. Defendant Corbett freely and knowingly relinquished his rights in the AARDWOLF copyright logo as incorporated in the AARDWOLF (and design) mark by failing to challenge the assignment of the AARDWOLF marks, with full knowledge that the AARDWOLF (and design) mark incorporated his AARDWOLF copyright.

- 9 -

53. Absent a declaration of waiver, Defendants will continue to wrongfully assert infringement of the AARDWOLF copyright causing Plaintiff irreparable injury and damage, and Plaintiff will be unable to ascertain its rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter Judgment against Defendants including:

A. a finding Defendants infringed Plaintiff's AARDWOLF and AARDWOLF (and design) marks, and damages subject to proof;

B. judgment that Defendants' AARDWOLF and AARDWOLF (and design) marks are invalid as Plaintiff is the rightful owner of the AARDWOLF marks and therefore cannot infringe the marks;

C. that the U.S. Patent & Trademark Office declare Defendant Aardwolf Vietnam's U.S. Trademark Applications, Serial Nos. 86/409,533 and 86/409,700, abandoned;

D. judgment that Defendant Corbett's Copyright Reg. No. VA0001927372 for the AARDWOLF logo is invalid;

E. judgment that Plaintiff's use of the copyrighted AARDWOLF logo as part of its AARDWOLF trademarks functions as a source identifier and constitutes fair use within the meaning of the U.S. Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*;

F. judgment that Defendant Corbett waived his rights in the AARDWOLF copyright as incorporated in the AARDWOLF (and design) mark by failing to challenge the Trademark Deed assignment;

G. that a preliminary and permanent injunction issue enjoining and prohibiting Defendants, their agents, servants, employees, officers, attorneys, successors and assigns and all others in active concert or participation with Defendants from using the he AARDWOLF and AARDWOLF (and design) marks, or any colorable imitation thereof,

                including use of the AARDWOLF copyright as a trademark indicator, in connection with the description, marketing, promotion, advertising, or sale of any products or services;

  H.    that this is an exceptional case under 35 U.S.C. § 285 entitling Plaintiff to recover its attorneys' fees;

  I.    an award of all costs of this suit; and

  J.    such other and further relief that the Court deems just and proper.

DATED: December 12, 2014    Respectfully Submitted,

LAUSON & TARVER LLP

By: /s/ Robert J. Lauson
    Robert J. Lauson, Esq.
    Attorney for Plaintiff
    AARDWOLF LLC

///

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38 and Local Rule 38-1 Plaintiff hereby requests a trial by jury on all claims so triable.

DATED: December 12, 2014

Respectfully Submitted,

LAUSON & TARVER LLP

By: /s/ Robert J. Lauson
Robert J. Lauson, Esq.
Attorney for Plaintiff
AARDWOLF LLC