# EXHIBIT A



DATED ~~October~~ 29 NOVEMBER 2013

**HERDGRAPH PTY LTD (IN LIQUIDATION) ACN 052 000 829**

("Herdgraph")

**AARDWOLF PTY LTD (IN LIQUIDATION) ACN 097 344 842**

("Aardwolf")

(Jointly and severally the "Assignor")

and

**NHON HOA NGUYEN**

---

**TRADEMARK DEED OF ASSIGNMENT**

---

etienne
MLC CENTRE
Level 57, 19-29 Martin Place
SYDNEY
NEW SOUTH WALES 2000
AUSTRALIA
TELEPHONE (02) 8845 2400
FACSIMILE (02) 9343 8302
WWW.ETIENNELAW.COM

OUR REF: SJB:

A MEMBER OF
e-iure.com

ARGENTINA, AUSTRIA, AUSTRALIA, BOLIVIA, BRASIL, COLOMBIA, ENGLAND, EQUADOR, GERMANY, NETHERLANDS, MALTA, MEXICO, PERU PORTUGAL, SPAIN, TURKEY,..



TRADEMARK DEED OF ASSIGNMENT is made on the 29 day of ~~October~~ 2013  
November

**BETWEEN:**

HERDGRAPH PTY LTD (IN LIQUIDATION) ACN 052 000 629 care of De Vries Tayeh, Level 5, 32 Martin Place, Sydney In the State of New South Wales 2000 ("Herdgraph")

AARDWOLF PTY LTD (IN LIQUIDATION) ACN 097 344 842 care of De Vries Tayeh, Level 5, 32 Martin Place, Sydney In the State of New South Wales 2000 ("Aardwolf")

(jointly and severally the "Assignor")

**AND:**

NHON HOA NGUYEN (also known as Harry Nguyen) of 36 Brancourt Avenue, Bankstown NSW 2200 ("the Assignee")

**BACKGROUND:**

A. Herdgraph is the registered proprietor of the Trade Mark registration number 945207.

B. Hergraph has not paid its renewal fee and the registration is currently expired with renewal being possible.

C. Herdgraph at the date of liquidation was the registered proprietor of Trade Mark registrations number 1544186 and 1544189.

D. Herdgraph is the registered proprietor of Trade Mark Community Trade Mark 003371658.

E. Herdgraph also has common law rights to marks associated with the Trade Marks.

F. Aardwolf may have common law rights associated with the Trade Marks.

G. It has come to the attention of Herdgraph that on or about 27 May 2013 a person not from the Liquidators office nor with the approval or authority of the Liquidators purported to consent to the registration of an assignment of the Trade Mark registrations number 1544186 and 1544189 to Aardwolf Australia Pty Ltd ACN 150 123 952.

H. The Liquidators have not consented to any matter or thing in connection with Trade Mark registrations numbers 1544186 and 1544189. The letter that appears in Schedule 2 was not a letter authorised or consented to be sent by the Liquidators and the date that appears on the letter is a date that is of a time in which the Assignors were the registered proprietors of the Trade Marks.

I. Assignor being the registered proprietor of the Trade Marks set out in Item 1 of the Schedule ("the Trade Marks") wishes to assign to the Assignee all their rights and title in the applications, the Trade Marks and any and all common law rights that Assignor may have.

2



## 1. ASSIGNMENT

   1.1. For the consideration of $5,000.00, receipt of which is hereby acknowledged, Assignor hereby assigns to the Assignee all its rights and title to the Trade Marks, the applications, and common law rights.

   1.2. The Assignee will organise a payment for the assignment in the following manner:

      1.2.1. a bank cheque payable to Aardwolf Pty Ltd (In Liquidation) in the amount of $2,500.00; and

      1.2.2. a bank cheque payable to Herdgraph Pty Ltd (In Liquidation) in the amount of $2,500.00.

   1.3. The Assignee shall assume responsibility for the use of the Trade Marks, the applications, and common law rights.

   1.4. The Assignor agrees to do all acts as may be reasonably necessary to:

      1.4.1. enable the Assignee to apply for and obtain registration as the registered proprietor of the Trade Marks, the applications, and common law rights; and

      1.4.2. cancel the record of any authorised user's interest or any other party's recorded interest in the Trade Marks, the applications, and common law rights.

   1.5. The Assignor shall not in any way from the date of this Deed use the Trade Marks, the applications, and common law rights or raise any objection to the use of the Trade marks, the applications, and common law rights by the Assignee or raise any objection to the applications.

   1.6. The Assignor agrees to provide the Assignee with all financial information to the extent that it is required to satisfy the stamp duty authority in each relevant jurisdiction as to the calculation of the stamp duty payable (if any) in respect of this Agreement.

## 2. UNDERTAKINGS

   2.1. The Assignor undertakes not to do any act which would or might.

   2.2. Invalidate or put in dispute the Assignee's title to the Trade Marks;

   2.3. Oppose any application for registration of the trade marks, or invalidate any registration of the trade marks in due course;

   2.4. Support an application to remove the Trade Marks as Registered Trade Marks;

   2.5. Cause any Registrar of Trade Marks to require a disclaimer of a monopoly in the Trade Marks or any part of it;

   2.6. Nor assist any person directly or indirectly in these acts.

**etienne**

3

### 3. ASSIGNMENT OF RIGHT TO DAMAGES

3.1. In consideration of the amount paid by the Assignee to the Assignor, the Assignor does hereby assign all of the Assignor's right, title and interest in any cause of action arising from a breach by any person, situated anywhere throughout the world of the Assignor's rights in the Trade Marks, the applications or common law rights.

3.2. This clause has effect to the extent that it is necessary to separately assign to the Assignee the Assignor's right, title and interest to any chose in action for suing a third person for damages for that third person's breach of the rights in the Trade Marks, the applications or common law rights that have or may have arisen prior to the date of this assignment.

### 4. BENEFIT TO INURE FOR SUCCESSORS

4.1. The terms of this assignment of the Trade Marks, the applications or common law rights shall be binding upon and shall inure to the benefit of the Assignee and its respective successors.

### 5. PETITIONING CREDITOR

5.1. The Assignee shall procure that upon exchange of deeds that Abaco Machines (Australasia) Pty Limited ACN 070 058 954 of Unit 4, 34-36 Fairfield Street, Fairfield NSW 2165, the petitioning creditor, simultaneously signs a Deed Poll in the substantially in the form contained in Schedule 3.

### 6. GENERAL

#### 6.1. TIME OF ESSENCE

6.1.1. Time is of the essence of this Deed.

6.1.2. If the parties agree to vary a time requirement, the time requirement so varied is of the essence of this Deed.

6.1.3. Any agreement to vary a time requirement must be in writing.

#### 6.2. NOTICES

6.2.1. Any notice or other communication including, but not limited to, any request, demand, consent or approval, to or by a party to this Deed:

6.2.1.1. must be legible in writing and in English addressed to:

6.2.1.1.1. If to the Assignor, to the Assignor's Solicitors or the solicitor nominated by the Assignor from time to time;

6.2.1.1.2. If to the Assignee, to the Assignee's Solicitor or the solicitor nominated by the Assignee from time to time;



4

6.2.1.1.3. if to the Liquidators, to the Liquidators' Solicitor or the solicitor nominated by the Liquidators from time to time;

6.2.1.2. where the sender is a company, must be signed by an officer or under the common seal of the sender;

6.2.1.3. may be signed by a party's solicitor;

6.2.1.4. is regarded as being given by the sender and received by the addressee:

6.2.1.4.1. if delivered in person, when delivered to the addressee;

6.2.1.4.2. f sent by post, 2 Business Days from and including the date of postage; or

6.2.1.4.3. if sent by facsimile transmission when transmitted to the addressee but if the delivery or receipt is on a day which is not a Business Day or is after 5.00pm (addressee's time) it is regarded as received at 9.00am on the following Business Day;

6.2.1.5. can be relied upon by the addressee and the addressee is not liable to any other person for any consequences of that reliance if the addressee believes it to be genuine, correct and authorised by the sender.

6.2.2. A facsimile transmission is regarded as legible unless the addressee telephones the sender within 2 hours after the transmission is received or regarded as received under clause 6.2.1.4.3 and informs the sender that it is not legible.

6.2.3. In this clause 6.2, a reference to an addressee includes a reference to an addressee's officers, agents or employees.

### 6.3. COSTS AND EXPENSES

6.3.1. Each party must pay its own costs and outlays connected with the negotiation, preparation and execution of this Deed.

6.3.2. The Assignee must pay all stamp duty, if any, and other government imposts payable in connection with this Deed.

### 6.4. VARIATION

A variation of any term of this Deed must be in writing and signed by the parties.

### 6.5. FURTHER ASSURANCE

The parties must do all things and sign all documents necessary to give effect to the provisions of this Deed.

### 6.6. COUNTERPARTS



5

The parties may execute this Deed in 2 or more counterparts and all counterparts together constitute 1 instrument.

### 6.7. ENTIRE AGREEMENT

This Deed records the entire agreement between the parties and replaces all representations, warranties or proposals not embodied herein.

### 6.8. SEVERABILITY

If any provision of this Deed is held to be unlawful, invalid, unenforceable or in conflict with any rule of law, statute, ordinance or regulation, it is to be severed so that the validity and enforceability of the remaining provisions are not affected.

### 6.9. GOVERNING LAW AND JURISDICTION

6.9.1. This Deed is governed by the laws of New South Wales.

6.9.2. The parties irrevocably submit to the jurisdiction of the Courts of New South Wales.

### 6.10. DEFINITIONS AND INTERPRETATION

6.10.1. In this Deed unless the context otherwise requires:

6.10.1.1. Trade Marks means the trade marks that appear in the Schedule 1, and all common law rights of attaching, if any, to such marks and the use and goodwill of such marks as used by Aardwolf from time to time, and all causes of action, if any, arising from any breach of Trade Mark by any person whether known to the Assignor or not as at the date of this Deed;

6.10.1.2. words importing the singular include the plural and vice versa;

6.10.1.3. words importing one gender include the other gender;

6.10.1.4. references to a person shall be construed as references to an individual, firm, body corporate, association (whether by incorporation or not), government and governmental, semi-governmental and local authority or agency;

6.10.1.5. the term "dollar" and "$" refer to the lawful currency of Australia;

6.10.1.6. GST means any tax imposed on the supply of goods, services, real or personal property or other things or similar tax and includes the goods and services tax as imposed by the GST Law;

6.10.1.7. GST Law has the meaning given to that term in A New Tax System (Goods and Services Tax) Act 1999 as ame

6.10.1.8. nded, renamed or replaced from time to time;

6



6.10.1.9. every agreement or undertaking expressed or implied by which more persons than one agree or undertake any obligation and/or derive any benefit in terms of this Deed shall bind and/or ensure for the benefit of such persons jointly and each of them severally;

6.10.1.10. no rule of construction applies to the disadvantage of a party because that party was responsible for the preparation of this Deed or any part of it; and

6.10.1.11. if any act is due to be performed on a day which is not a business day, the act shall be performed on the first business day after that day.

6.10.2. Headings are for convenience only and do not affect interpretation. The following rules apply unless the context requires otherwise.

6.10.2.1. Where a word or phrase is identified, its other grammatical forms have a corresponding meaning.

6.10.2.2. A reference to a Clause, Annexure or Schedule is a reference to a clause of, or annexure or schedule to, this Deed.

6.10.2.3. A reference to a party to this Deed or another agreement or document includes the party's successors and permitted substitutes or assigns.

6.10.2.4. A reference to an agreement or document is to the agreement or document as amended, novated, supplemented or replaced from time to time, except to the extent prohibited by this Deed.

6.10.2.5. A reference to legislation or to a provision of legislation includes a modification or re-enactment of it, a legislative provision substituted for it and a regulation or statutory instrument issued under it.

6.10.2.6. A reference to "writing" includes a facsimile transmission, email and any means of reproducing words in a tangible and permanently visible form.

6.10.2.7. A reference to conduct includes, without limitation, an omission, statement or undertaking, whether or not in writing.

6.10.2.8. Except where expressly stated, a Party may give or withhold, or give conditionally, approvals and consents, may be satisfied or unsatisfied, and may form opinions, at its absolute discretion.

6.10.2.9. If an example is given of anything (including a right, obligation or concept), such as by saying it includes something else, the example does not limit the scope of that thing.

6.10.2.10. The Parties warrant that each of the recitals is true and correct and acknowledges that the each is entering into this Deed in reliance thereon.

Executed as a Deed

etienne

7

Executed by RIAD TAYEH one of the joint and several liquidators of the Assignor in accordance with section 127 of the Corporations Act 2001:

_____    _____
Witness                         Liquidator

TIBOR KAROLYI                   Riad Tayeh
_____    _____
Name of director/company secretary   Name of director
(BLOCK LETTERS)                 (BLOCK LETTERS)

~~Executed by TIBOR KAROLYI one of the joint and several liquidators of the Assignor in accordance with section 127 of the Corporations Act~~ 2001:

_____    _____
~~Witness~~                     ~~Liquidator~~

                                ~~Tibor Karolyi~~
_____    _____
~~Name of director/company secretary~~   Name of director
(BLOCK LETTERS)                 (BLOCK LETTERS)


Executed by NHON HOA NGUYEN in the presence of

_____    _____
Witness

  DUC THINH NGUYEN              Nhon Hoa Nguyen
_____    _____
Name                            Name
(BLOCK LETTERS)                 (BLOCK LETTERS)



8

## SCHEDULE 1

Item 1   Trade Marks

| JURISDICTION | TRADE MARK NO. | CLASS | TRADEMARK |
|---|---|---|---|
| AUSTRALIA | 945207 | 7 | AARDWOLF |
| AUSTRALIA | 1544186 | 7 | AARDWOLF |
| AUSTRALIA | 1554189 | 7 | Aardwolf |
| EUROPEAN UNION | 003371556 | 7 | AARDWOLF |

**etienne**

9

## SCHEDULE 2

27.05.2013

The Registrar of Trade Marks
IP Australia
PO Box 200
WODEN ACT 2606

Dear Sir:

RE: Trade Mark Application No. 1544186 and 1544189 in the name of
AARDWOLF AUSTRALIA PTY LTD

As owner of trade mark Aardwolf (logo) & Aardwolf (word) in Class 7, I hereby consent to the use and registration of the trade mark Aardwolf (logo) & Aardwolf (word) in Class 7 by Aardwolf Australia Pty Ltd filed under application 1544186 and 1544189 in respect of:

Equipment for use in the stone and construction industry, including material handling equipment, lifters, vacuum lifters, slings, forklift booms, transport frames, site saws, brick saws, demolition saws and finishers.

Yours sincerely,

JAMES EDMUND CORBETT
HEROGRAPH PTY LTD



## SCHEDULE 3

THIS DEED POLL of ABACO MACHINES (AUSTRALASIA) PTY LIMITED ACN 070 058 954 of Unit 4, 34-36 Fairfield Street, Fairfield NSW 2165 ("Abaco") made on the       day of October 2013

### (i)     WHEREAS:

A.  Abaco was the petitioning creditor that caused Herdgraph Pty Ltd (In Liquidation) ACN 052 000 629 ("Herdgraph") and Aardwolf Pty Ltd (In Liquidation) ACN 097 344 842 ("Aardwolf") to be wound up and have De Vries and Tayeh appointed as Liquidators.

### OPERATIVE CLAUSES

1. **Definitions & Interpretation**

    (1) This deed shall be construed in accordance with and governed by the laws of the State of New South Wales.

    (2) A reference to a party in this Agreement includes the parties, successors, permitted assigns.

    (3) Headings of Clauses and marginal notes have been inserted for guidance only and shall not be deemed to form any part of this Agreement.

    (4) The expression "dollars" or the symbol "$" means the lawful currency for the time being of the Commonwealth of Australia.

2. **Recitals in deed form part of Deed**

    (1) Each of the recitals in this deed is true and correct.

    (2) The recitals are to be read as being substantive and operative clauses of this Deed Poll.

3. **Subordination of Costs of Petitioning Creditor**

    (1) Abaco in consideration of the Liquidators agreeing to and hereby entering into a deed of assignment of Trade Marks with Nhon Hoa Nguyen (also known as Harry Nguyen) hereby subordinates its right to receive as a priority in the liquidation of Herdgraph


11

and Aardwolf its costs of winding up Herdgraph and Aardwolf in respect of the consideration received by the Liquidators from Nhon Hoa Nguyen for the assignment of the Trade Marks.

**EXECUTED AS A DEED POLL**

Executed as a Deed for and on )
behalf of ABACO MACHINES )
(AUSTRALASIA) PTY LIMITED )
ACN 070 058 954 by NHON )
HOA NGUYEN duly appointed to )
execute this document pursuant to
section 127 of the *Corporations
Act, 2001* in the presence of

_____
Signature

_____
Signature of Witness

Office Held: Director

Name of Witness


Executes as a Deed for and on )
behalf of ABACO MACHINES )
(AUSTRALASIA) PTY LIMITED )
ACN 070 058 954 by AI NHON )
NGUYEN duly appointed to )
execute this document pursuant to
section 127 of the *Corporations
Act, 2001* in the presence of

_____
Signature

_____
Signature of Witness

Office Held: Director

Name of Witness