1
2
3
4

Robert J. Lauson, Esq.
LAUSON & TARVER LLP
880 Apollo Street, Suite 301
El Segundo, CA 90245
Phone: (310) 726-0892
Fax:    (310) 726-0893
Email: bob@lauson.com

5

Attorney for Plaintiff
AARDWOLF LLC

6

7

8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION**

10

11

**AARDWOLF LLC, a California
limited liability company,**

**CASE NO.:14-cv-09556-GW(JEMx)**

12

**Plaintiff,**

**Plaintiff's Notice Of Motion And
Motion For Summary Adjudication
And Injunction**

13

**v.**

14
15
16
17
18
19

**AARDWOLF INDUSTRIES SOLE
MEMBER LLC, a Vietnam limited
liability company; AARDWOLF
AUSTRALIA PTY. LTD., an
Australian company; HERDGRAPH
PTY. LTD., an Australian company;
BENJAMEN JAMES CORBETT, an
individual; and DOES 1 through 10,
inclusive,**

**Date: March 12, 2015
Time: 8:30 AM
Place: Spring St. Ctrm. 10**

20

**Defendants.**

21

22

23

/ / /

24

/ / /

25

/ / /

26

27

28

PLEASE TAKE NOTICE THAT on March 12, 2015 or as soon as this motion may be heard, at the above identified courtroom of the Honorable George H. Wu, Plaintiff Aardwolf LLC ("Plaintiff") will and hereby does move the Court for: 1) summary adjudication for its first cause of action for federal false designation of origin and second cause of action for declaratory judgment of trademark invalidity; and/or, 2) an injunction enjoining Defendants' from using the AARDWOLF and AARDWOLF (and design) marks.

In accordance with Local Rule 7-3, Plaintiff, through its undersigned counsel-of-record, met and conferred with Defendants' counsel on the contemplated motion, which took place on January 26, 2014, but were unable to reach a resolution.  Also, on February 11, 2014 attorney Eric J. Menhart filed an application to appear *pro hac vice* on behalf of Defendants (Dkt. 22), and on February 12, 2015 Plaintiff's counsel attempted to confer with Mr. Menhart prior to filing of the instant motion but he was unavailable.

Plaintiff's motion is supported by the accompanying memorandum and separately filed declarations, statement of uncontroverted facts and conclusions of law and [proposed] order granting the relief requested.  For all the reasons stated, the motion should be GRANTED.

DATED:  February 12, 2015            Respectfully Submitted,

LAUSON & TARVER LLP


By: /s/ Robert J. Lauson
    Robert J. Lauson, Esq.
    Attorney for Plaintiff
    AARDWOLF LLC

Robert J. Lauson, Esq.
LAUSON & TARVER LLP
880 Apollo Street, Suite 301
El Segundo, CA 90245
Phone: (310) 726-0892
Fax:   (310) 726-0893
Email: bob@lauson.com

Attorney for Plaintiff
AARDWOLF LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| **AARDWOLF LLC, a California limited liability company,** | **CASE NO.:14-cv-09556-GW(JEMx)** |
| **Plaintiff,** | **Plaintiff's Memorandum Of Points And Authorities In Support Of Motion For Summary Adjudication And Injunction** |
| **v.** | |
| **AARDWOLF INDUSTRIES SOLE MEMBER LLC, a Vietnam limited liability company; AARDWOLF AUSTRALIA PTY. LTD., an Australian company; HERDGRAPH PTY. LTD., an Australian company; BENJAMEN JAMES CORBETT, an individual; and DOES 1 through 10, inclusive,** | **Date: March 12, 2015** |
| | **Time: 8:30 AM** |
| | **Place: Spring St. Ctrm. 10** |
| **Defendants.** | |

/ / /

/ / /

/ / /

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................1

II. FACTUAL BACKGROUND .............................................................................1

III. ARGUMENT ....................................................................................................3

   A.    Legal Standard For Summary Judgment .................................................3

   B.    Trademark Law ........................................................................................4

      1.    Plaintiff Aardwolf LLC Is The Owner Of The Marks ...........................4

      2.    Likelihood Of Confusion Is Almost Certain ...........................................6

   C.    Legal Standard For Injunctive Relief ......................................................7

      1.    Plaintiff is Likely To Succeed On The Merits ........................................8

      2.    Plaintiff Is Suffering Irreparable Harm ...................................................8

      3.    The Balance Of Equities Is In Plaintiff's Favor .....................................9

      4.    There Is A Public Interest In Preventing Confusion .............................10

      5.    The Security Need Not Be Substantial ...................................................10

IV. CONCLUSION ...............................................................................................10

1                             **TABLE OF AUTHORITIES**

2   **Cases**

3   *American Dirigold Corp. v. Dirigold Metals Corp.*, 125 F.2d 446 (C.C.A. 6th Cir.

4       1942) ........................................................................................................5

5   *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979).....................................6

6   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ..........................................3, 4

7   *Automated Prod., Inc. v. FMB Maschinenbaugesellschaft mbH & Co.*, 34

8       U.S.P.Q.2d 1505 (N.D. Ill. 1994)..........................................................................5

9   *Au-Tomotive Gold Inc. v. Volkswagen of Am. Inc.*, 457 F.3d 1062 (9th Cir. 2006) ..6

10   *Brookfield v. W. Coast Ent'mt Corp.*, 174 F.3d 1036 (9th Cir. 1999).......................4

11   *Cadence Design Sys., Inc. v. Avant! Corp.*, 125 F.3d 824 (9th Cir. 1997) ...............9

12   *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)......................................................3, 4

13   *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175 (9th Cir. 1988) ................7

14   *Dep't of Parks & Recreation v. Bazaar Del Mundo Inc.*, 448 F.3d 1118 (9th

15       Cir.2006).................................................................................................................4

16   *Douglas, LLC v. Buyers Prds. Co.*, 717 F.3d 1336 (Fed. Cir. 2013) ........................9

17   E. & J. Gallo Winery v. Gallo Cattle Co., 967 F.2d 1280 (9th Cir.1992)..................4

18   *Ebay Inc. v. Mercexchange, LLC*, 547 U.S. 388 (2006) ...........................................7

19   *Foodcomm Int'l v. Barry*, 328 F.3d 300 (7th Cir. 2003) ..........................................7

20   Gracie v. Gracie, 217 F.3d 1060 (9th Cir. 2000)......................................................4

21   *Grocery Outlet, Inc. v. Albertson's, Inc.,* 497 F.3d 949 (9th Cir. 2007)...................8

22   *Henry v. First Nat'l Bank of Clarksdale*, 595 F.2d 291 (5th Cir. 1984).................10

23   *Int'l Kennel Club of Chicago, Inc. v. Mighty Star, Inc.*, 846 F.2d 1079 (7th Cir.

24       1988).......................................................................................................................9

25   *Murray v. Cable Nat. Broadcasting Co.*, 86 F.3d 858 (9th Cir. 1996) .....................6

26   *Nissan Motor Co. v. Nissan Comp. Corp.*, 378 F.3d 1002 (9th Cir. 2004)...............6

27   *Perfect 10, Inc. v. Google, Inc.*, 653 F.3d 976 (9th Cir. 2011)..................................7

28   *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12 (1st Cir. 1996)...........7

*Therma-Scan, Inc. v. Thermoscan, Inc.*, 295 F.3d 623 (6th Cir. 2002) ..................... 6

*Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763 (1992) ..................................... 4

*Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008).................................. 7

*WPIX, Inc. v. ivi, Inc.*, 691 F.3d 275 (2d Cir. 2012).................................................. 7

**Statutes**

15 U.S.C. § 1060................................................................................................. 4

15 U.S.C. § 1125................................................................................................. 4

**Rules**

FED. R. CIV. P. 56(c) ......................................................................................... 3

Fed. R. Civ. P. 65(c) .......................................................................................... 10

**Treatises**

McCarthy on Trademarks § 18:28 ........................................................................ 5

1

**I. INTRODUCTION**

2      It is undisputed that Plaintiff Aardwolf LLC is the rightful owner of the

3   AARDWOLF and AARDWOLF (and design) trademarks after Defendants' assets

4   were liquidated in Australia and the marks assigned to Plaintiff.  Despite the

5   assignment, Defendants continued using the AARDWOLF marks, and wrongfully

6   filed trademark applications for the AARDWOLF marks in the U.S. and a

7   copyright registration for the AARDWOLF logo.  Plaintiff is in the process of

8   beginning use of the AARDWOLF marks, but needs the Court's help in declaring

9   its rights and stopping Defendants' use and other unlawful acts.

10

**II. FACTUAL BACKGROUND**

11      Nhon Hoa "Harry" Nguyen is an owner and officer of non-party Abaco

12   Machines USA Inc. ("Abaco") and managing member of Plaintiff Aardwolf LLC.

13   Nguyen Decl. ¶ 1.  Abaco and Plaintiff specialize in developing and producing

14   material handling equipment, including manufacturing and supplying lifting,

15   storing, transporting and cutting equipment for stone, glass and forklift industries in

16   the U.S. and throughout the world.  *Id.* ¶ 2.

17      Since 2003 Defendant Herdgraph was the owner of trademark rights in the

18   U.S., Australia and the European Union for the AARDWOLF and AARDWOLF

19   (and design) marks (the "AARDWOLF marks") for equipment used in the stone

20   and construction industry, including material handling equipment, lifters, spreader-

21   bars for slings, forklift booms, transport frames, dollies and trolleys, site saws,

22   brick saws, cement mixers, etc.  Lauson Decl. ¶ 5, Ex. D.

23      Defendant Aardwolf Australia is an Australian based company, incorporated

24   on March 29, 2011, specializing in similar material handling equipment for the

25   stone, glass and construction industries, and distributing its products through

26   distributors in USA, Europe, Japan, Canada, England, India, Australia and New

27   Zealand.  Lauson Decl. ¶ 3, Ex. B.  According to their own websites, Defendant

28   Aardwolf Vietnam is Defendant Aardwolf Australia's manufacturing center.  *See id.*

- 1 -

1   at pg. 1 ("Aardwolf Australia is an Australian based company supplying quality and

2   cost effective equipment to the stone and construction industries.  Our main

3   manufacturing centre is Aardwolf Industries LLC, located in Binh Duong Province

4   in Vietnam.").

5       In about 2006, Defendants Herdgraph and Aardwolf Australia initiated a

6   patent infringement action in Australia against Abaco Machines' Australian

7   division. Ngyuen Decl. ¶ 3.  Shortly thereafter Defendants Herdgraph and Aardwolf

8   Australia abandoned their frivolous patent claims against Abaco.  *Id.*

9       In about 2010 Abaco Machines Australia applied for costs of the proceedings

10  initiated by Defendants Herdgraph and Aardwolf Australia, and on February 17,

11  2011 the Australian Federal Court awarded Abaco costs of around $80,000.  *Id.* at ¶

12  4.  On August 8, 2011, Herdgraph along with Aardwolf Australia were placed into

13  liquidation in Australia, ceasing all powers of their directors and granting all such

14  power to the designated official Liquidator.  *Id.* at ¶¶ 5-7, Exs. A-B.

15      Thereafter Abaco and Mr. Nguyen began discussions with the Liquidator to

16  acquire Herdgraph and Aardwolf Australia's rights, title and interests in the

17  AARDWOLF trademarks.  *Id.* at ¶ 6.  On November 29, 2013, the Liquidator

18  ultimately assigned all common law and registered trademark rights in the

19  AARDWOLF marks to Mr. Nguyen in a Trademark Deed of Assignment:

20  "Assignor hereby assigns to the Assignee all its rights and title to the [Aardwolf]

21  Trade Marks, the applications, and common law rights."  *Id.* at ¶ 6, Ex. A, sec.1.

22      On May 27, 2013, Mr. James Edmund Corbett, who was a director of

23  Defendant Herdgraph, wrote a letter consenting to the use and registration of the

24  AARDWOLF marks, Australian application nos. 1544186 and 1544189 filed in the

25  name of Defendant Aardwolf Australia.  *Id.* ¶ 7, Ex. B (Schedule 2 of the

26  Trademark Deed of Assignment).  In opposing the trademark applications, Plaintiff

27  submitted a declaration from Riad Tayeh, the official Liquidator of Herdgraph, in

28  which he states that once he was appointed as liquidator on August 8, 2011, all

1  powers of the directors of Herdgraph ceased pursuant to Australian Corporation Act
2  2001, and therefore Mr. Corbett's letter was of no legal effect. *Id.*

3       Defendant Herdgraph's U.S. Registration No. 3,019,009 expired in 2012, Mr.
4  Nguyen filed intent-to-use applications for AARDWOLF, application serial no.
5  86/012,992 on July 17, 2013, and AARDWOLF (and design), 86/156,865 on
6  January 3, 2014, both for lifting apparatus and wheeled dollies, among other goods
7  and services.  Lauson Decl. ¶ 2, Ex. A.  The USPTO approved both applications,
8  and Mr. Nguyen filed extensions of time to file statements of use pending its use of
9  the marks in the U.S. *Id.* at ¶ 2.  On November 10, 2014, Mr. Nguyen assigned all
10 his rights in the AARDWOLF marks to Plaintiff Aardwolf LLC.  Nguyen Decl. ¶ 8,
11 Ex. C.

12      Despite the Trademark Deed, Defendants continue using the AARDWOLF
13 marks around the world, including in Australia, Europe, Vietnam, U.S. and Canada,
14 and continue asserting their alleged trademark rights against Plaintiff, including
15 filing trademark applications in different countries forcing Plaintiff to oppose them,
16 and threatening to sue Plaintiff for trademark infringement by sending improper
17 cease-and-desist letters.  Lauson Decl. ¶¶ 4-5, Exs. C-E; Nguyen Decl. ¶ 7, Ex. B.

18                            **III. ARGUMENT**
19 **A.    Legal Standard For Summary Judgment**

20      Summary judgment is proper in this case because there exist no genuine
21 issues of material fact. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S.
22 317, 322 (1986).  There exist no genuine issues of material fact and summary
23 judgment may be granted when a reasonable jury could not return a verdict for the
24 non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

25      The moving party has the initial burden to present evidence that supports a
26 finding that summary judgment is warranted because genuine issues of fact do not
27 exist. *Celotex*, 477 U.S. at 323; *Liberty Lobby*, 477 U.S at 247-48.   If the moving
28 party meets its initial burden, the burden shifts to the non-moving party to show

- 3 -

1  that genuine issues of fact still exist.  *See Celotex*, 477 U.S. at 323; *Liberty Lobby*,
2  477 U.S. at 247-48.

3  **B.     Trademark Law**

4       The Lanham Act Section 32 for registered marks and 43(a) for unregistered
5  prohibit use of a mark that is likely to cause confusion.  15 U.S.C. §§ 1114, and
6  1125(a); *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763 (1992) ("[L]iability
7  under § 43(a) requires proof of the likelihood of confusion.").  In order to prevail on
8  a trademark infringement or false designation of origin claim, a plaintiff has the
9  burden that: 1) it owns a valid, protectable trademark; and 2) the defendant used a
10  mark similar to plaintiff's mark without the consent of plaintiff in a manner that is
11  likely to cause confusion among ordinary consumers as to the source, sponsorship,
12  affiliation, or approval of the goods.  *Dep't of Parks & Recreation v. Bazaar Del*
13  *Mundo Inc.*, 448 F.3d 1118, 1124 (9th Cir.2006); *Brookfield Comm'cs, Inc. v. W.*
14  *Coast Ent'mt Corp.*, 174 F.3d 1036, 1046-47, n.8 (9th Cir. 1999); *Gracie v. Gracie*,
15  217 F.3d 1060, 1066-67 (9th Cir. 2000).

16       **1.     Plaintiff Aardwolf LLC Is The Owner Of The Marks**

17       "A registered mark or a mark for which an application to register has been
18  filed shall be assignable with the good will of the business in which the mark is
19  used, or with that part of the good will of the business connected with the use of
20  and symbolized by the mark."  15 U.S.C. § 1060(a)(1); *E. & J. Gallo Winery v.*
21  *Gallo Cattle Co.*, 967 F.2d 1280, 1289 (9th Cir.1992) ("The purpose behind
22  requiring that goodwill accompany the assigned mark is to maintain the continuity
23  of the product or service symbolized by the mark and thereby avoid deceiving or
24  confusing customers.").  Generally, an assignment of a trademark must be in
25  writing.  15 U.S.C. § 1060; *but see Speed Prods. Co. v. Tinnerman Prods.*, 179 F.2d
26  778 (2d Cir. 1949) ( no writing necessary for assignment of common law rights).
27       A trademark which is not personal in nature is part of the sellable assets of an
28  insolvent party during bankruptcy and insolvency proceedings, and may be

- 4 -

1   assigned for the benefit of creditors.  *See* McCarthy on Trademarks § 18:28 at 70,

2   n.2 (4th Ed.) (citing *American Dirigold Corp. v. Dirigold Metals Corp.*, 125 F.2d

3   446 (C.C.A. 6th Cir. 1942) ("[T]sale of a bankrupt business by the trustee may

4   validly include the goodwill and trade name of the bankrupt."); *Automated Prod.,*

5   *Inc. v. FMB Maschinenbaugesellschaft mbH & Co.*, 34 U.S.P.Q.2d 1505 (N.D. Ill.

6   1994)).  "If the good will and marks of the bankrupt have been validly assigned . . .

7   the assignor-bankrupt has been divested of these rights and cannot continue use of

8   the mark."  McCarthy § 18:28 at 70-71.

9        Here, on February 17, 2011 an Australian Federal Court awarded Abaco

10   Machines $80,000 in costs after Herdgraph and Aardwolf Australia initiated a

11   frivolous patent infringement proceeding against it.  Nguyen Decl. ¶ 4.  Herdgraph

12   did not pay the $80,000 award, and Herdgraph and Aardwolf Australia were placed

13   into liquidation on August 8, 2011.  *Id.* at ¶ 5.  A Liquidator was assigned and it

14   obtained all powers of the directors of Herdgraph and Aardwolf Australia,

15   including the rights to sell and transfer assets.  *Id.*   Once the Liquidator was

16   assigned, it divested Defendants' rights in the AARDWOLF marks and Defendants

17   had no right to use the marks.  *See* McCarthy § 18:28 at 70-71 (citing *American*

18   *Dirigold*, 125 F.2d 446; *Automated Prod.*, 34 U.S.P.Q.2d 1505).

19        As part of its powers, on November 29, 2013 the Liquidator assigned all of

20   Herdgraph and Aardwolf Australia's common law and registered trademark rights

21   in the AARDWOLF marks to Mr. Nguyen.  Nguyen Decl. ¶ 6, Ex. A, sec. 1.  The

22   assignment is in writing and validly executed as part of the Liquidator's powers in

23   the liquidation of Herdgraph and Aardwolf Australia's assets.  *See, e.g. American*

24   *Dirigold*, 125 F.2d 446.  Therefore, Plaintiff is the rightful owner of all

25   AARDWOLF marks via the trademark deed of assignment.

26

27

28

## 2.       Likelihood Of Confusion Is Almost Certain

The Ninth Circuit uses an eight factor test in determining whether likelihood of confusion exists: 1) strength of the mark; 2) proximity of the goods; 3) similarity of the marks; 4) evidence of actual confusion; 5) marketing channels used; 6) type of goods and the degree of care likely to be exercised by the purchaser; 7) defendant's intent in selecting the mark; and 8) likelihood of expansion of the product lines. *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979). The factors are not exhaustive and other variables may be relevant depending on the case. *Id*. at 348, n.11.

Likelihood of confusion can be a mixed question of fact and law; however, summary judgment is proper where there exist no material facts in dispute concerning the likelihood of confusion between the marks at issue. *Nissan Motor Co. v. Nissan Comp. Corp.*, 378 F.3d 1002, 1019 (9th Cir. 2004) (affirming summary judgment where the marks were identical, the goods at issue related, and the marketing channels overlapped); *Au-Tomotive Gold Inc. v. Volkswagen of Am. Inc.*, 457 F.3d 1062, 1075 (9th Cir. 2006) ("[I]n cases where the evidence is clear and tilts heavily in favor of a likelihood of confusion, we have not hesitated to affirm summary judgment on this point."); *Murray v. Cable Nat. Broadcasting Co.*, 86 F.3d 858 (9th Cir. 1996) (stating that a district court is not precluded from determining likelihood of confusion as a matter of law through a motion for summary judgment); *see also Therma-Scan, Inc. v. Thermoscan, Inc.*, 295 F.3d 623, 630-31, 640-41 (6th Cir. 2002) (the determination of whether a given set of foundational facts establishes a likelihood of confusion is a legal conclusion properly decided on a motion for summary judgment).

It is undisputed that the parties' AARDWOLF and AARDWOLF (and design) marks are identical and for the same goods. *See* Lauson Decl. ¶¶ 2, 5, Exs. A, D-E. Both parties applied to register the AARDWOLF and AARDWOLF (and design) marks for lifting apparatus, wheeled dollies, etc. *Id*. Therefore, a

1   likelihood of confusion as to the source or origin of the AARDWOLF marks is

2   almost certain.  Judgment as a matter of law in favor of Plaintiff is appropriate and

3   requested.

4   **C.     Legal Standard For Injunctive Relief**

5          A party seeking a preliminary or permanent injunction "must establish that

6   [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in

7   the absence of preliminary relief, that the balance of equities tips in [its] favor, and

8   that an injunction is in the public interest."  *Winter v. Natural Res. Def. Council,*

9   *Inc.*, 555 U.S. 7, 20 (2008); *see Perfect 10, Inc. v. Google, Inc.*, 653 F.3d 976, 979-

10  80 (9th Cir. 2011) (stating that the requirements for a permanent injunction are

11  essentially the same as a preliminary injunction, except that the movant must

12  demonstrate actual success on the merits).

13         "Injunctive relief is the remedy of choice for trademark and unfair

14  competition cases, since there is no adequate remedy at law for the injury caused by

15  a defendant's continuing infringement."  *Century 21 Real Estate Corp. v. Sandlin*,

16  846 F.2d 1175, 1180 (9th Cir. 1988).  "Harm may be irreparable where the loss is

17  difficult to replace or measure, or where plaintiffs should not be expected to suffer

18  the loss."  *WPIX, Inc. v. ivi, Inc.*, 691 F.3d 275, 285 (2d Cir. 2012); *Ross-Simons of*

19  *Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 18 (1st Cir. 1996) (stating that

20  irreparable harm is a "natural sequel" where a plaintiff suffers a substantial injury

21  that is not accurately measureable or adequately compensable by money damages);

22  *see also Foodcomm Int'l v. Barry*, 328 F.3d 300, 304 (7th Cir. 2003) (the legal

23  remedy, damages, need not be wholly ineffectual; rather, it must be "seriously

24  deficient as compared to the harm suffered").  The defendant's insolvency is also

25  factor the Court may consider in determining whether to grant a preliminary

26  injunction.  *See, e.g.*, *WPIX*, 691 F.3d at 286.

27

28

### 1.   Plaintiff is Likely To Succeed On The Merits

In order to establish a likelihood of success on the merits, a plaintiff must show that it is "(1) the owner of a valid, protectable mark, and (2) that the alleged infringer is using a confusingly similar mark." *Herb Reed Enterp., LLC v. Florida Ent'mt Mgmt. Inc.*, 736 F.3d 1239, 1247 (9th Cir. 2013) (quoting *Grocery Outlet, Inc. v. Albertson's, Inc.,* 497 F.3d 949, 951 (9th Cir. 2007)).  As stated herein, Plaintiff is highly likely to succeed on the merits because it is the owner of the AARDWOLF marks via assignment and there is a likelihood of confusion given the AARDWOLF marks are identical and for the same goods.  The Court should summarily adjudicate these issues in Plaintiff's favor.

### 2.   Plaintiff Is Suffering Irreparable Harm

The Ninth Circuit requires that a plaintiff establish a likelihood of irreparable harm when seeking a preliminary or permanent injunction in a trademark infringement case.  *Herb Reed*, 736 F.3d at 1247 (9th Cir. 2013) (discussing *eBay Inc. v. MercExchange, LLC,* 547 U.S. 388 (2006)).  Plaintiff has begun taking steps to begin using the AARDWOLF marks, including preparing signage, filing Articles of Organization for Aardwolf LLC, applying for an Employee Identification Number and business license, registering with the California Board of Equalization, etc.  Nguyen Decl. ¶ 9. Exs. D-I.  Defendants continue using the AARDWOLF marks in the United States, further causing a likelihood of confusion as to the true owner of the marks.  Plaintiff has had to oppose numerous trademark applications in different countries, *see* Nguyen Decl. ¶ 7, Ex. B, and without a declaration from the Court stating that it is the owner of the AARDWOLF marks, it cannot begin use of the marks without threat of litigation and fear of incurring uncertain damages.

The Ninth Circuit has previously stated that injunctive relief is the remedy of choice in trademark cases given the difficulty in proving damages caused by a defendant's ongoing infringement.  *Century 21*, 846 F.2d at 1180.  Absent an injunction, Plaintiff will be irreparably harmed by confused customers attributing to

- 8 -

1  Plaintiff defects or negative impressions they have of Defendants' infringing goods
2  and/or services.  *See Douglas, LLC v. Buyers Prds. Co.*, 717 F.3d 1336, 1244 (Fed.
3  Cir. 2013) ("Irreparable injury encompasses different types of losses that are often
4  difficult to quantify, including lost sales and erosion in reputation and brand
5  distinction."); *Int'l Kennel Club of Chicago, Inc. v. Mighty Star, Inc.*, 846 F.2d
6  1079, 1091 (7th Cir. 1988) (stating that damages caused by trademark infringement
7  are "by their very nature irreparable and not susceptible of adequate measurement
8  for remedy at law").

9  Additionally, irreparable harm may be shown where there is no adequate
10 legal remedy due to the defendant's insolvency.  *WPIX*, 691 F.3d at 285 (finding
11 irreparable harm where plaintiffs' losses would be difficult to measure and
12 defendant would be unable to pay damages due to insolvency).  Similar to the
13 defendant in *WPIX*, Defendant Herdgraph and Aardwolf Australia claimed
14 insolvency in the recent past to avoid paying $80,000 in costs for filing a frivolous
15 patent infringement suit against non-party Abaco.  Given the Defendants are related
16 parties, it is likely that should Plaintiff prevail in this action Defendants may again
17 claim insolvency and Plaintiff unable to recover damages.  Accordingly, Plaintiff is
18 suffering irreparable harm.

19  **3.  The Balance Of Equities Is In Plaintiff's Favor**

20  As already stated herein, Plaintiff is ready and willing to begin its rightful use
21 of the AARDWOLF marks.  Nguyen Decl. ¶ 9, Exs. D-I.  Given the marks at issue
22 are identical and Defendants' continued use of the marks, Plaintiff cannot begin
23 using the marks without creating confusion among consumers.  Plaintiff is the
24 rightful owner of the AARDWOLF marks, and Defendants cannot complain that
25 they will suffer lost profits when their use is infringing.  *See Cadence Design Sys.,*
26 *Inc. v. Avant! Corp.*, 125 F.3d 824, 830 (9th Cir. 1997) ("Where the only hardship
27 that the defendant will suffer is lost profits from an activity which has been shown
28 likely to be infringing, such an argument in defense merits little equitable

1    consideration.").   As stated above, there is no adequate legal remedy available to

2    Plaintiff.  Defendants had no right to continue using the AARDWOLF marks after

3    the Liquidator properly assigned them to Plaintiff.  As a result, Defendants should

4    be required to abide by the assignment and cease using the AARDWOLF marks

5    which they no longer own.

6              **4.       There Is A Public Interest In Preventing Confusion**

7              There is undoubtedly a public interest in preventing consumer confusion

8    between two companies' trademarks.  *See Internet Specialties West v. Milon-*

9    *DiGorgio Enterp., Inc.*, 559 F.3d 985, 995, n.5 (9th Cir. 2009).  In trademark

10   cases, the likelihood of confusion is a "critical factor" in determining whether

11   injunctive relief is proper.  *Id.*  As stated previously, there is a high likelihood of

12   confusion given the parties' AARDWOLF marks are identical and for the same

13   goods.  Therefore, injunctive relief would further the public interest in

14   preventing a likelihood of confusion between the parties' marks.

15             **5.       The Security Need Not Be Substantial**

16             Rule 65(c) of the Federal Rule of Civil Procedure requires that a party

17   seeking a preliminary[1] injunction post a security bond.   Fed. R. Civ. P. 65(c).

18   Given that all the factors weigh in Plaintiff's favor and that Defendants' continued

19   use of the AARDWOLF marks is infringement, any security required by the Court

20   should be minimal.

21                                    **IV. CONCLUSION**

22             Plaintiff acquired any and all trademark rights in the AARDWOLF marks via

23   the lawful and valid trademark deed of assignment.  The Liquidator, tasked with

24   liquidating the insolvent Defendants' assets, assigned the AARDWOLF marks to

25   Plaintiff, yet Defendants continue using the marks and engaging in a shell game to

26

27   _____

     [1] A bond is not required for a permanent injunction.  *See* Fed. R. Civ. P. 65(c); *Henry v. First*

28   *Nat'l Bank of Clarksdale*, 595 F.2d 291, 296 (5th Cir. 1984).

avoid the obligations of the assignment.  Given the parties' AARDWOLF marks are identical and for the same goods/services, confusion is almost certain to occur. Therefore, summary adjudication in Plaintiff's favor is appropriate.

Furthermore, a preliminary or permanent injunction is necessary to prevent Defendants from continuing their infringing activities in using the AARDWOLF marks.  Plaintiff is suffering irreparable harm because it is unable to commence use of the AARDWOLF marks as is his right to do so, and for these same reasons, the balance of equities tips in Plaintiff's favor.  There is also a public interest in preventing competitors from using identical marks that would cause confusion.

DATED:  February 12, 2015                     Respectfully Submitted,

                                              LAUSON & TARVER LLP


                                              By: /s/ Robert J. Lauson
                                                  Robert J. Lauson, Esq.
                                                  Attorney for Plaintiff
                                                  AARDWOLF LLC



/ / /

/ / /