Robert J. Lauson, Esq. (State Bar No. 175486)
LAUSON & TARVER LLP
880 Apollo Street, Suite 301
El Segundo, CA 90245
Phone: (310) 726-0892
Fax: (310) 726-0893
Email: bob@lauson.com

John Pfeiffer, Esq. (State Bar No. 118601)
PFEIFFER FITZGIBBON & ZIONTZ LLC
233 Wilshire Blvd., Ste. 220
Santa Monica, CA 90401
Phone: (310) 451-5800
Fax: (310) 451-1599
Email: Pfeiffer@pfeifferlaw.com

Attorneys for Plaintiff
AARDWOLF LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| AARDWOLF LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>AARDWOLF INDUSTRIES SOLE MEMBER LLC, a Vietnam limited liability company; AARDWOLF AUSTRALIA PTY. LTD., an Australian company; BENJAMEN JAMES CORBETT, an individual; JAMES EDMUND CORBETT, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.:14-cv-09556-GW(JEMx)<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS<br><br>Honorable George H. Wu |

## 1.   **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve

1  production of confidential, proprietary, or private information for which special

2  protection from public disclosure and from use for any purpose other than

3  prosecuting this litigation may be warranted. **Indeed, the parties are direct**

4  **competitors and thus wish to safeguard their confidential business**

5  **information and not disclose same to each other or other competitors in the**

6  **same industry.** Accordingly, the parties hereby stipulate to and petition the court

7  to enter the following Stipulated Protective Order. The parties acknowledge that

8  this Order does not confer blanket protections on all disclosures or responses to

9  discovery and that the protection it affords from public disclosure and use extends

10  only to the limited information or items that are entitled to confidential treatment

11  under the applicable legal principles. The parties further acknowledge, as set forth

12  in Section 14.4, below, that this Stipulated Protective Order does not entitle them

13  to file confidential information under seal; Civil Local Rule 79-5 sets forth the

14  procedures that must be followed and the standards that will be applied when a

15  party seeks permission from the court to file material under seal.

## 2. **DEFINITIONS**

17      2.1  <u>Challenging Party</u>: a Party or Non-Party that challenges the

18  designation of information or items under this Order.

19      2.2  <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of

20  how it is generated, stored or maintained) or tangible things that qualify for

21  protection under Federal Rule of Civil Procedure 26(c).

22      2.3  <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House

23  Counsel (as well as their support staff).

24      2.4  <u>Designating Party</u>: a Party or Non-Party that designates information

25  or items that it produces in disclosures or in responses to discovery as

26  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

27  ONLY."

28

-2-

2.5    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

1    2.13    <u>Professional Vendors</u>: persons or entities that provide litigation

2    support services (e.g., photocopying, videotaping, translating, preparing exhibits or

3    demonstrations, and organizing, storing, or retrieving data in any form or medium)

4    and their employees and subcontractors.

5    2.14    <u>Protected Material</u>: any Disclosure or Discovery Material that is

6    designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL –

7    ATTORNEYS' EYES ONLY

8    2.15    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery

9    Material from a Producing Party.

10   **3.    <u>SCOPE</u>**

11   The protections conferred by this Stipulation and Order cover not only

12   Protected Material (as defined above), but also (1) any information copied or

13   extracted from Protected Material; (2) all copies, excerpts, summaries, or

14   compilations of Protected Material; and (3) any testimony, conversations, or

15   presentations by Parties or their Counsel that might reveal Protected Material.

16   However, the protections conferred by this Stipulation and Order do not cover the

17   following information: (a) any information that is in the public domain at the time

18   of disclosure to a Receiving Party or becomes part of the public domain after its

19   disclosure to a Receiving Party as a result of publication not involving a violation

20   of this Order, including

21   _becoming part of the public record through trial or otherwise; and (b) any

22   information known to the Receiving Party prior to the disclosure or obtained by the

23   Receiving Party after the disclosure from a source who obtained the information

24   lawfully and under no obligation of confidentiality to the Designating Party. Any

25   use of Protected Material at trial shall be governed by a separate agreement or

26   order.

27   **4.    <u>DURATION</u>**

28   Even after final disposition of this litigation, the confidentiality obligations

1  imposed by this Order shall remain in effect until a Designating Party agrees

2  otherwise in writing or a court order otherwise directs. Final disposition shall be

3  deemed to be the later of (1) dismissal of all claims and defenses in this action,

4  with or without prejudice; and (2) final judgment herein after the completion and

5  exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

6  including the time limits for filing any motions or applications for extension of

7  time pursuant to applicable law.

8  **5.  DESIGNATING PROTECTED MATERIAL**

9  5.1  Exercise of Restraint and Care in Designating Material for Protection.

10  Each Party or Non-Party that designates information or items for protection under

11  this Order must take care to limit any such designation to specific material that

12  qualifies under the appropriate standards. To the extent it is practical to do so, the

13  Designating Party must designate for protection only those parts of material,

14  documents, items, or oral or written communications that qualify – so that other

15  portions of the material, documents, items, or communications for which

16  protection is not warranted are not swept unjustifiably within the ambit of this

17  Order.

18  Mass, indiscriminate, or routinized designations are prohibited. Designations

19  that are shown to be clearly unjustified or that have been made for an improper

20  purpose (e.g., to unnecessarily encumber or retard the case development process or

21  to impose unnecessary expenses and burdens on other parties) expose the

22  Designating Party to sanctions.

23  If it comes to a Designating Party's attention that information or items that it

24  designated for protection do not qualify for protection at all or do not qualify for

25  the level of protection initially asserted, that Designating Party must promptly

26  notify all other parties that it is withdrawing the mistaken designation.

27  5.2  Manner and Timing of Designations. Except as otherwise provided in

28  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

- 5 -

1  stipulated or ordered, Disclosure or Discovery

2  Material that qualifies for protection under this Order must be clearly so

3  designated before the material is disclosed or produced.

4  Designation in conformity with this Order requires:

5  (a) <u>for information in documentary form</u> (e.g., paper or electronic

6  documents, but excluding transcripts of depositions or other pretrial or trial

7  proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or

8  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that

9  contains protected material. If only a portion or portions of the material on a page

10  qualifies for protection, the Producing Party also must clearly identify the

11  protected portion(s) (e.g., by making appropriate markings in the margins) and

12  must specify, for each portion, the level of protection being asserted.

13  A Party or Non-Party that makes original documents or materials available

14  for inspection need not designate them for protection until after the inspecting

15  Party has indicated which material it would like copied and produced. During the

16  inspection and before the designation, all of the material made available for

17  inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

18  ONLY." After the inspecting Party has identified the documents it wants copied

19  and produced, the Producing Party must determine which documents, or portions

20  thereof, qualify for protection under this Order. Then, before producing the

21  specified documents, the Producing Party must affix the appropriate legend

22  ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

23  ONLY") to each page that contains Protected Material. If only a portion or

24  portions of the material on a page qualifies for protection, the Producing Party also

25  must clearly identify the protected portion(s) (e.g., by making appropriate

26  markings in the margins) and must specify, for each portion, the level of protection

27  being asserted.

28  (b) for testimony given in deposition or in other pretrial or trial proceedings,

- 6 -

1  that the Designating Party identify on the record, before the close of the deposition,

2  hearing, or other proceeding, all protected testimony and specify the level of

3  protection being asserted. When it is impractical to identify separately each portion

4  of testimony that is entitled to protection and it appears that substantial portions of

5  the testimony may qualify for protection, the Designating Party may invoke on the

6  record (before the deposition, hearing, or other proceeding is concluded) a right to

7  have up to 21 days to identify the specific portions of the testimony as to which

8  protection is sought and to specify the level of protection being asserted. Only

9  those portions of the testimony that are appropriately designated for protection

10  within the 21 days shall be covered by the provisions of this Stipulated Protective

11  Order. Alternatively, a Designating Party may specify, at the deposition or up to 21

12  days afterwards if that period is properly invoked, that the entire transcript shall be

13  treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

14  EYES ONLY."

15      Parties shall give the other parties notice if they reasonably expect a

16  deposition, hearing or other proceeding to include Protected Material so that the

17  other parties can ensure that only authorized individuals who have signed the

18  "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those

19  proceedings. The use of a document as an exhibit at a deposition shall not in any

20  way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

21  – ATTORNEYS' EYES ONLY."

22      Transcripts containing Protected Material shall have an obvious legend on

23  the title page that the transcript contains Protected Material, and the title page shall

24  be followed by a list of all pages (including line numbers as appropriate) that have

25  been designated as Protected Material and the level of protection being asserted by

26  the Designating Party. The Designating Party shall inform the court reporter of

27  these requirements. Any transcript that is prepared before the expiration of a 21-

28  day period for designation shall be treated during that period as if it had been

1  designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its

2  entirety unless otherwise agreed. After the expiration of that period, the transcript

3  shall be treated only as actually designated.

4         (c) <u>for information produced in some form other than documentary and for</u>

5  <u>any other tangible items,</u> that the Producing Party affix in a prominent place on the

6  exterior of the container or containers in which the information or item is stored

7  the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

8  EYES ONLY". If only a portion or portions of the information or item warrant

9  protection, the Producing Party, to the extent practicable, shall identify the

10  protected portion(s) and specify the level of protection being asserted.

11         5.3    <u>Inadvertent Failures to Designate.</u> If timely corrected, an inadvertent

12  failure to designate qualified information or items does not, standing alone, waive

13  the Designating Party's right to secure protection under this Order for such

14  material. Upon timely correction of a designation, the Receiving Party must make

15  reasonable efforts to assure that the material is treated in accordance with the

16  provisions of this Order.

17  **6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

18         6.1    <u>Timing of Challenges.</u> Any Party or Non-Party may challenge a

19  designation of confidentiality at any time. Unless a prompt challenge to a

20  Designating Party's confidentiality designation is necessary to avoid foreseeable,

21  substantial unfairness, unnecessary economic burdens, or a significant disruption

22  or delay of the litigation, a Party does not waive its right to challenge a

23  confidentiality designation by electing not to mount a challenge promptly after the

24  original designation is disclosed.

25         6.2    <u>Meet and Confer.</u> The Challenging Party shall initiate the dispute

26  resolution process by providing written notice of each designation it is challenging

27  and describing the basis for each challenge. To avoid ambiguity as to whether a

28  challenge has been made, the written notice must recite that the challenge to

- 8 -

1  confidentiality is being made in accordance with this specific paragraph of the
2  Protective Order. The parties shall attempt to resolve each challenge in good faith
3  and must begin the process by conferring directly (in voice to voice dialogue; other
4  forms of communication are not sufficient) within 14 days of the date of service of
5  notice. In conferring, the Challenging Party must explain the basis for its belief
6  that the confidentiality designation was not proper and must give the Designating
7  Party an opportunity to review the designated material, to reconsider the
8  circumstances, and, if no change in designation is offered, to explain the basis for
9  the chosen designation. A Challenging Party may proceed to the next stage of the
10  challenge process only if it has engaged in this meet and confer process first or
11  establishes that the Designating Party is unwilling to participate in the meet and
12  confer process in a timely manner.

13       6.3   <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without
14  court intervention, the Designating Party shall file and serve a motion to retain
15  confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule
16  79-5, if applicable) within 21 days of the initial notice of challenge or within 14
17  days of the parties agreeing that the meet and confer process will not resolve their
18  dispute, whichever is earlier. Each such motion must be accompanied by a
19  competent declaration affirming that the movant has complied with the meet and
20  confer requirements imposed in the preceding paragraph. Failure by the
21  Designating Party to make such a motion including the required declaration within
22  21 days (or 14 days, if applicable) shall automatically waive the confidentiality
23  designation for each challenged designation. In addition, the Challenging Party
24  may file a motion challenging a confidentiality designation at any time if there is
25  good cause for doing so, including a challenge to the designation of a deposition
26  transcript or any portions thereof. Any motion brought pursuant to this provision
27  must be accompanied by a competent declaration affirming that the movant has
28  complied with the meet and confer requirements imposed by the preceding

1  paragraph.

2      The burden of persuasion in any such challenge proceeding shall be on the

3  Designating Party. Frivolous challenges and those made for an improper purpose

4  (e.g., to harass or impose unnecessary expenses and burdens on other parties) may

5  expose the Challenging Party to sanctions. Unless the Designating Party has

6  waived the confidentiality designation by failing to file a motion to retain

7  confidentiality as described above, all parties shall continue to afford the material

8  in question the level of protection to which it is entitled under the Producing

9  Party's designation until the court rules on the challenge.

10  **7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

11      7.1    Basic Principles. A Receiving Party may use Protected Material that

12  is disclosed or produced by another Party or by a Non-Party in connection with

13  this case only for prosecuting, defending, or attempting to settle this litigation.

14  Such Protected Material may be disclosed only to the categories of persons and

15  under the conditions described in this Order. When the litigation has been

16  terminated, a Receiving Party must comply with the provisions of section 15 below

17  (FINAL DISPOSITION).

18      Protected Material must be stored and maintained by a Receiving Party at a

19  location and in a secure manner[1] that ensures that access is limited to the persons

20  authorized under this Order.

21      7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless

22  otherwise ordered by the court or permitted in writing by the Designating Party, a

23  Receiving Party may disclose any information or item designated

24  "CONFIDENTIAL" only to:

25      (a) the Receiving Party's Outside Counsel of Record in this action, as well

26  as employees of said Outside Counsel of Record to whom it is reasonably

27

28  _____
[1] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

1    necessary to disclose the information for this litigation and who have signed the

2    "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

3    A;

4        (b) the officers, directors, and employees (including House Counsel) of the

5    Receiving Party to whom disclosure is reasonably necessary for this litigation and

6    who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7        (c) Experts (as defined in this Order) of the Receiving Party to whom

8    disclosure is reasonably necessary for this litigation and who have signed the

9    "Acknowledgment and Agreement to Be Bound" (Exhibit A);

10        (d) the court and its personnel;

11        (e) court reporters and their staff, professional jury or trial consultants, and

12    Professional Vendors to whom disclosure is reasonably necessary for this litigation

13    and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

14    A);

15        (f) during their depositions, witnesses in the action to whom disclosure is

16    reasonably necessary and who have signed the "Acknowledgment and Agreement

17    to Be Bound" (Exhibit A), **unless otherwise agreed by the Designating Party or**

18    **ordered by the court**. Pages of transcribed deposition testimony or exhibits to

19    depositions that reveal Protected Material must be separately bound by the court

20    reporter and may not be disclosed to anyone except as permitted under this

21    Stipulated Protective Order.

22        (g) the author or recipient of a document containing the information or a

23    custodian or other person who otherwise possessed or knew the information.

24        7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

25    ONLY" Information or Items. Unless otherwise ordered by the court or permitted

26    in writing by the Designating Party, a Receiving Party may disclose any

27    information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

28    EYES ONLY" only to:

1      (a) the Receiving Party's Outside Counsel of Record in this action, as well

2  as employees of said Outside Counsel of Record to whom it is reasonably

3  necessary to disclose the information for this litigation and who have signed the

4  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

5  A;

6      (b) Experts of the Receiving Party (1) to whom disclosure is reasonably

7  necessary for this litigation, (2) who have signed the "Acknowledgment and

8  Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth

9  in paragraph 7.4(a)(2), below, have been followed];

10      (c) the court and its personnel;

11      (d) court reporters and their staff, professional jury or trial consultants, and

12  Professional Vendors to whom disclosure is reasonably necessary for this litigation

13  and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

14  A); and

15      (e) the author or recipient of a document containing the information or a

16  custodian or other person who otherwise possessed or knew the information.

17      7.4 Procedures for Approving or Objecting to Disclosure of "HIGHLY

18  CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to

19  Designated House Counsel or Experts.

20      (a)(1) Unless otherwise ordered by the court or agreed to in writing by the

21  Designating Party, a Party that seeks to disclose to Designated House Counsel any

22  information or item that has been designated "HIGHLY CONFIDENTIAL –

23  ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a

24  written request to the Designating Party that (1) sets forth the full name of the

25  Designated House Counsel and the city and state of his or her residence, and (2)

26  describes the Designated House Counsel's current and reasonably foreseeable

27  future primary job duties and responsibilities in sufficient detail to determine if

28  House Counsel is involved, or may become involved, in any competitive decision-

1    making.

2           (a)(2) Unless otherwise ordered by the court or agreed to in writing by the

3    Designating Party, a Party that seeks to disclose to an Expert (as defined in this

4    Order) any information or item that has been designated "HIGHLY

5    CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c)

6    first must make a written request to the Designating Party that (1) identifies the

7    general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

8    ONLY" information that the Receiving Party seeks permission to disclose to the

9    Expert, (2) sets forth the full name of the Expert and the city and state of his or her

10   primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies

11   the Expert's current employer(s), (5) identifies each person or entity from whom

12   the Expert has received compensation or funding for work in his or her areas of

13   expertise or to whom the expert has provided professional services, including in

14   connection with a litigation, at any time during the preceding five years,[2] and (6)

15   identifies (by name and number of the case, filing date, and location of court) any

16   litigation in connection with which the Expert has offered expert testimony,

17   including through a declaration, report, or testimony at a deposition or trial, during

18   the preceding five years.

19          (b) A Party that makes a request and provides the information specified in

20   the preceding respective paragraphs may disclose the subject Protected Material to

21   the identified Designated House Counsel or Expert unless, within 14 days of

22   delivering the request, the Party receives a written objection from the Designating

23   Party. Any such objection must set forth in detail the grounds on which it is based.

24          (c) A Party that receives a timely written objection must meet and confer

25   with the Designating Party (through direct voice to voice dialogue) to try to resolve

26
     _____

27   [2] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the
     Expert should provide whatever information the Expert believes can be disclosed without violating any
28   confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with
     the Designating Party regarding any such engagement.

1   the matter by agreement within seven days of the written objection. If no

2   agreement is reached, the Party seeking to make the disclosure to Designated

3   House Counsel or the Expert may file a motion as provided in Civil Local Rule 7

4   (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission

5   from the court to do so. Any such motion must describe the circumstances with

6   specificity, set forth in detail the reasons why the disclosure to Designated House

7   Counsel or the Expert is reasonably necessary, assess the risk of harm that the

8   disclosure would entail, and suggest any additional means that could be used to

9   reduce that risk. In addition, any such motion must be accompanied by a

10  competent declaration describing the parties' efforts to resolve the matter by

11  agreement (i.e., the extent and the content of the meet and confer discussions) and

12  setting forth the reasons advanced by the Designating Party for its refusal to

13  approve the disclosure.

14       In any such proceeding, the Party opposing disclosure to Designated House

15  Counsel or the Expert shall bear the burden of proving that the risk of harm that

16  the disclosure would entail (under the safeguards proposed) outweighs the

17  Receiving Party's need to disclose the Protected Material to its Designated House

18  Counsel or Expert.

19  **8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED**

20  **PRODUCED IN OTHER LITIGATION**

21       If a Party is served with a subpoena or a court order issued in other litigation

22  that compels disclosure of any information or items designated in this action as

23  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

24  ONLY" that Party must:

25       (a) promptly notify in writing the Designating Party. Such notification shall

26  include a copy of the subpoena or court order;

27       (b) promptly notify in writing the party who caused the subpoena or order to

28  issue in the other litigation that some or all of the material covered by the subpoena

- 14 -

1  or order is subject to this Protective Order. Such notification shall include a copy

2  of this Stipulated Protective Order; and

3      (c) cooperate with respect to all reasonable procedures sought to be pursued

4  by the Designating Party whose Protected Material may be affected.[3]

5      If the Designating Party timely seeks a protective order, the Party served

6  with the subpoena or court order shall not produce any information designated in

7  this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

8  ATTORNEYS' EYES ONLY" before a determination by the court from which the

9  subpoena or order issued, unless the Party has obtained the Designating Party's

10  permission. The Designating Party shall bear the burden and expense of seeking

11  protection in that court of its confidential material – and nothing in these

12  provisions should be construed as authorizing or encouraging a Receiving Party in

13  this action to disobey a lawful directive from another court.

14  **9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

15      **PRODUCED IN THIS LITIGATION**

16      (a)    The terms of this Order are applicable to information produced by a

17  Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY

18  CONFIDENTIAL – ATTORNEYS' EYES ONLY". Such information produced

19  by Non-Parties in connection with this litigation is protected by the remedies and

20  relief provided by this Order. Nothing in these provisions should be construed as

21  prohibiting a Non-Party from seeking additional protections.

22      (b)    In the event that a Party is required, by a valid discovery request, to

23  produce a Non-Party's confidential information in its possession, and the Party is

24  subject to an agreement with the Non-Party not to produce the Non-Party's

25  confidential information, then the Party shall:

26

27  _____

[3] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and

28  to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court
from which the subpoena or order issued.

1.  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.  make the information requested available for inspection by the Non-Party.

(c)   If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[4] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as

---

[4] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

1   Exhibit A.

2   **11.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR</u>**

3   **<u>OTHERWISE PROTECTED MATERIAL</u>**

4   When a Producing Party gives notice to Receiving Parties that certain

5   inadvertently produced material is subject to a claim of privilege or other

6   protection, the obligations of the Receiving Parties are those set forth in Federal

7   Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify

8   whatever procedure may be established in an e-discovery order that provides for

9   production without prior privilege review. Pursuant to Federal Rule of Evidence

10   502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure

11   of a communication or information covered by the attorney-client privilege or

12   work product protection, the parties may incorporate their agreement in the

13   stipulated protective order submitted to the court.

14   **12.   <u>MISCELLANEOUS</u>**

15   14.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of

16   any person to seek its modification by the court in the future.

17   14.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this

18   Protective Order no Party waives any right it otherwise would have to object to

19   disclosing or producing any information or item on any ground not addressed in

20   this Stipulated Protective Order. Similarly, no Party waives any right to object on

21   any ground to use in evidence of any of the material covered by this Protective

22   Order.

23   14.3   <u>Filing Protected Material</u>. Without written permission from the

24   Designating Party or a court order secured after appropriate notice to all interested

25   persons, a Party may not file in the public record in this action any Protected

26   Material. A Party that seeks to file under seal any Protected Material must comply

27   with Civil Local Rule 79-5. Protected Material may only be filed under seal

28   pursuant to a court order authorizing the sealing of the specific Protected Material

1  at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a

2  request establishing that the Protected Material at issue is privileged, protectable as

3  a trade secret, or otherwise entitled to protection under the law. If a Receiving

4  Party's request to file Protected Material under seal pursuant to Civil Local Rule

5  79-5(e) is denied by the court, then the Receiving Party may file the Protected

6  Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless

7  otherwise instructed by the court.

8  **13.**    **FINAL DISPOSITION**

9         Within 60 days after the final disposition of this action, as defined in

10  paragraph 4, each Receiving Party must return all Protected Material to the

11  Producing Party or destroy such material. As used in this subdivision, "all

12  Protected Material" includes all copies, abstracts, compilations, summaries, and

13  any other format reproducing or capturing any of the Protected Material. Whether

14  the Protected Material is returned or destroyed, the Receiving Party must submit a

15  written certification to the Producing Party (and, if not the same person or entity,

16  to the Designating Party) by the 60-day deadline that (1) identifies (by category,

17  where appropriate) all the Protected Material that was returned or destroyed and

18  (2) affirms that the Receiving Party has not retained any copies, abstracts,

19  compilations, summaries or any other format reproducing or capturing any of the

20  Protected Material. Notwithstanding this provision, Counsel are entitled to retain

21  an archival copy of all pleadings, motion papers, trial, deposition, and hearing

22  transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

23  reports, attorney work product, and consultant and expert work product, even if

24  such materials contain Protected Material. Any such archival copies that contain or

25  constitute Protected Material remain subject to this Protective Order as set forth in

26  Section 4 (DURATION).

27

28

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

3    DATED: 9/18/15                          By: /s/Robert J. Lauson
4                                            Robert J. Lauson, Esq.
                                             Attorney for Plaintiff
5
     DATED: 9/18/15
6                                            By: /s/Eric J. Menhart
                                             Eric J. Menhart, Esq.
7                                            Attorney for Defendants

8    PURSUANT TO STIPULATION, IT IS SO ORDERED.

9    DATED: 10-05-2015

10                                           United States District/Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        - 19 -

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [full name], of _____ [full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [_____] in the case of Aardwolf LLC v. Aardwolf Industries Sole Member LLC, et al., Case No. 14-cv-09556-GW(JEMx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
[printed name]

Signature: _____
[signature]

- 20 -