| | |
|---|---|
| 1 | Robert J. Lauson, Esq., (SBN 175486) |
| | LAUSON & TARVER, LLP |
| 2 | 880 Apollo Street, Suite 301 |
| | El Segundo, CA 90245 |
| 3 | Phone: (310) 726-0892 |
| | Fax: (310) 726-0893 |
| 4 | Email: bob@lauson.com |

Jon A. Pfeiffer, Esq., (SBN 118601)
PFEIFFER FITZGIBBON & ZIONTZ LLP
233 Wilshire Blvd., Suite 220
Santa Monica, CA 90401
Phone: (310) 451-5800
Fax: (310) 451-1559
Email: pfeiffer@feifferlaw.com

Attorneys for Plaintiff
AARDWOLF LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| **AARDWOLF LLC, a California limited liability company,** | **CASE NO.:14-cv-09556-GW(JEMx)** |
| | **Magistrate Judge John E. McDermott** |
| Plaintiff, | *DISCOVERY MATTER* |
| v. | **Plaintiff's Opposition To The Motion For Protective Order Re Depositions of James Corbett, Mark Corbett and Helen Corbett** |
| **AARDWOLF INDUSTRIES SOLE MEMBER LLC, a Vietnam limited liability company; AARDWOLF AUSTRALIA PTY. LTD., an Australian company; HERDGRAPH PTY. LTD., an Australian company; BENJAMEN JAMES CORBETT, an individual; and DOES 1 through 10, inclusive,** | *Discovery Cutoff*: December 4, 2015 |
| | *Pretrial Conference*: March 17, 2016 |
| | *Trial Date*: March 29, 2016 |
| | Date: Nov 17, 2015 |
| | Time: 10:00 AM |
| | Place: Court Room C – 8th Floor Spring St. |
| **Defendants** | |

1  Defendants' attorney previously agreed all depositions should be held in this
2  judicial district. Doc. 59, page 4, lines 20-22.  Defendants' initial disclosures
3  identified James Corbett, Mark Corbett and Helen Corbett as its witnesses. Lauson
4  Decl., para. 2, Exs. A, B.  Defendants previously agreed to bring James Corbett and
5  Mark Corbett to this judicial district to be deposed at their cost.  Lauson Decl., para.
6  3, Ex. C.  This was important to Plaintiff, as following Defendants' numerous
7  representations that it would produce James Corbett to be deposed in California,
8  Plaintiff allowed the deadline to pass for amending the complaint to add James
9  Corbett as a party. Doc. No. 83, page 3 ("Plaintiff is to file its proposed SAC by
10 Sep. 29, 2015).

12  Defendant's interrogatory answers identified Helen Corbett as having control
13 over operations, having direct knowledge of information relevant to this case
14 regarding Aardwolf Vietnam's general operations, sales of goods, various contacts
15 with third parties, documents and communications re marketing and quality control,
16 and that she provided information for all of the answers, etc.   Lauson Decl., para 4,
17 Exhibit D. Plaintiff informed Defendant Helen Corbett's needed to be deposed and
18 noticed her deposition as well along with the others.  Lauson Decl., paras. 4-5, Exs.
19 E-G.   In response, Defendants contended a third party subpoena and $8700 was
20 required for Ms. Corbett to testify in California. See, Doc. No. 59, page 9, lines 10-
21 28; Lauson Decl., Exhibit C, page 3.

23  Since she is a managing agent no subpoena is necessary.  FRCP
24 37(d)(1)(A)(i).  If Ms. Corbett is not an officer, she clearly passes the managing
25 agent test: being an individual possessing general powers to exercise discretion and
26 judgment in corporate matters, who can be relied upon to give testimony in
27 response to the demand of the examining party, and who can be expected to identify
28 with the interests of the corporation. Moore's Fed. Practice 3d Sec. 30.03[2], citing

1 *Reed Paper co. v. Proctor & Gamble Distrib. Co.*, 144 F.R.D. 2, 4 (D. Me. 1992);
2 *In re Honda Am. Motor Co Inc.,* 168 F.R.D. 535, 540 (D. Md. 1996). Defendants
3 never explained the basis of the $8700 demand.

5 Defendants changed their position saying in an email they would move for a
6 protective order seeking costs for ALL of the deponents appearing. Lauson Decl.,
7 Exhibit C, page 2. This motion followed without any conferring with Plaintiff.
8 This is the third consecutive discovery motion Defendants' attorney has filed NOT
9 following local rule 37, even after being advised of the same by the Magistrate
10 Judge. Doc. No. The local rules say this Court will NOT consider the motion:

12 **L.R. 37-2.4 Failure to File Joint Stipulation.** The Court will not consider any
13 discovery motion in the absence of a joint stipulation or a declaration from counsel
14 for the moving party establishing that opposing counsel (a) failed to confer in a
15 timely manner in accordance with L.R. 37-1; (b) failed to provide the opposing
16 party's portion of the joint stipulation in a timely manner in accordance with L.R.
17 37-2.2; or (c) refused to sign and return the joint stipulation after the opposing
18 party's portion was added. If such declaration accompanies the motion, then L.R. 6-
19 1, 7-9 and 7-10 apply.

21 Further, the motion is moot as it was filed after the day after the depositions
22 depositions were cancelled. Lauson Decl., Exhibit C, page 1. There are no pending
23 depositions presently. Lauson Decl., para. 5.

25 Should the Court wish to waive the local rule requiring a joint stipulation, as
26 well as the meet and confer requirement, and issue an advisory opinion regarding
27 future depositions, Plaintiff suggests the following. As a compromise, Plaintiff will
28 agree to depose Ms. Corbett by remote video means, if available, in a manner we

can observe she is not being coached in her testimony, given she has a newborn child presumably dependent upon her mother. As a compromise, Plaintiff will also agree to such a video deposition of Mark Corbett, although his showing of having a young child is not compelling, and it is contrary to Defendants' previous representations they would bring him to California. But as previously agreed, upon information and belief, James Corbett frequently travels on business between Vietnam, Australia and other countries, and this trip to the U.S. is no great hardship. James Corbett to travel to California, at his own expense, to be deposed in person should be required.

DATED: October 27, 2015        Respectfully Submitted,

                               LAUSON & TARVER LLP


                               By: /robert lauson/
                               Robert J. Lauson, Esq.
                               Attorney for Plaintiff
                               AARDWOLF LLC