Robert J. Lauson, Esq.
LAUSON & TARVER LLP
880 Apollo Street, Suite 301
El Segundo, CA 90245
Phone: (310) 726-0892
Fax: (310) 726-0893
Email: bob@lauson.com

Jon A. Pfeiffer
PFEIFFER FITZGIBBON & ZIONTZ LLP
233 Wilshire Blvd., Suite 220
Santa Monica, CA 90401
Phone: (310) 451-5800
Fax: (310) 451-1559
Email: pfeiffer@feifferlaw.com

Attorneys for Plaintiff
AARDWOLF LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| AARDWOLF LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>AARDWOLF INDUSTRIES SOLE MEMBER LLC, a Vietnam limited liability company; AARDWOLF AUSTRALIA PTY. LTD., an Australian company; HERDGRAPH PTY. LTD., an Australian company; BENJAMEN JAMES CORBETT, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants | CASE NO.:14-cv-09556-GW(JEMx)<br><br>**Magistrate Judge John E. McDermott**<br><br>*DISCOVERY MATTER*<br><br>**Plaintiff's Supplemental Memorandum In Support of The Motion To Compel Discovery from Defendant Aardwolf Sole Industries Member LLC**<br><br>*Discovery Cutoff*: December 4, 2015<br>*Pretrial Conference*: March 17, 2016<br>*Trial Date*: March 29, 2016<br><br>Date: Nov 17, 2015<br>Time: 10:00 AM<br>Place: Courtroom C – 8th Floor<br>       Spring St. |

**Defendants' Introduction Is False And Misleading**

Plaintiff's summary judgment and preliminary injunction motions were denied because there were factual issues, hardly determinative that Plaintiff has a weak case or that its remaining claims are "short-lived." Plaintiff's declaratory relief *copyright* claims were dismissed but are different from the trademark claims which remain. Defendants' principal James Corbett was dismissed without prejudice for lack of personal jurisdiction, but the Court granting leave to amend to allow Plaintiff to re-state its claim against James Corbett with more facts. After Defendants agreed in writing several times to bring James Corbett and his son Mark Corbett here to be deposed, Plaintiff allowed the deadline for amending the complaint to pass. Then Defendants reneged on that promise, and filed for a protective order that Plaintiff be required to pay 50% of James Corbett's travel costs, that Mark Corbett appear remotely and that Helen Corbett, who controls the Aardwolf Vietnam entity, not be deposed at all. Doc. 100.

Defendants' accusations that Plaintiff is using the litigation to gain information on a competitor are incorrect and unsupportable. See, Doc. 104, page 7, lines 10-13. Besides, there is a protective order in place so Defendants can simply label documents "confidential" and they will not be disclosed to Plaintiff. Doc. 96. Additionally, the personal attacks on Plaintiff's undersigned attorney, not following case law or rules, harassing Defendants or otherwise acting improperly are untrue, unsupportable and violate this court's civility guidelines:

> Unless directly and necessarily in issue, we will not disparage the intelligence, morals, integrity, or personal behavior of our adversaries before the court, either in written submissions or oral presentations.
>
> We will not, absent good cause, attribute bad motives or improper conduct to other counsel or bring the profession into disrepute by unfounded accusations of impropriety.

C.D. Cal. Civility and Professionalism Guidelines B(8)

- 1 -

**Defendants Produced Documents In An Inappropriate Manner**

Defendants tardily provided documents in bulk, over 100,000 pages, generally not organized in any way or indexed to the discovery requests. Supp. Lauson Decl., para. 2-5. Such bulk production is prohibited. *Stiller v. Arnold*, 167 F.R.D. 68, 70-71 (N.D. Ind. 1996)("[p]roducing 7000 pages of documents in no apparent order does not comply with a party's obligation under Rule 34(d).").

If the responding party produces a truckload of documents, saying "this is how they are kept," the requesting party may seek an order requiring the producing party to segregate the documents into categories. FRCP 37(a)(3); *SEC v. Collins & Aikman Corp*, 256 F.R.D. 403, 409-410 (S.D. N.Y. 2009); *Mizner Grand Condo. Ass'n Inc v. Travelers Prop. Casualty Co. of Amer.*, 270 F.R.D. 698, 700-701 (S.D. Fla. 2010)(if business record keeping by producing party if so deficient as to undermine usefulness of production, then obligations under Rule 34 not met). And this Court's civility guidelines say attorneys "will not produce documents in a disorganized or unintelligible manner, or in a way designed to hide or obscure the existence of particular documents." C.D. Cal. Civility & Professionalism Guidelines B(5). Few of the documents requested by Plaintiff have been found in the bulk production, and to go through 100,000+ pages of unfamiliar documents searching for them is too great a burden for Plaintiff and unfair. Defendants' should be ordered to go through the documents they selected and produce an index by discovery request no[s]. and Bates no[s]

After receiving a one week courtesy extension to respond to the discovery requests, Defendants' attorney purposefully delayed an additional 6 days by serving the responses (no documents) from his out-of-district virtual office in Washington DC by regular mail. Since the production was not contemporaneous with the responses, the responses were required to say when the production would occur. *Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 574 (D. Md. 2010)(merely stating that documents will be produced without specifying when is an evasive or

incomplete response that is treated as a failure to respond to a request for production). So Plaintiff had no choice but to start the Rule 37 process given the Dec. 4th discovery cut-off date. After defendants delayed the Local Rule 37-1 pre-filing conference as long as possible, the following week they began to provide documents but in the bulk production. Given the late delivery of the documents and the manner of production, Plaintiff was forced to cancel previously scheduled depositions for Oct. 19-21. Lauson Decl., para. 7, Exs. E-G. This Court's civility guidelines say "[w]hen it is likely that service by mail, even when allowed, will prejudice the opposing party, we will effect service personally or by facsimile transmission" and "[w]e will not delay document production to prevent opposing counsel from inspecting documents prior to scheduled depositions or for any other tactical reason." Civility Guidelines B(3), (5).

**Defendants Should Be Ordered To Serve Plaintiff's Co-Counsel**

In addition to Rule 5(a)(1)(C) requiring discovery to be served on every party, Rule 5(b)(1) says: "If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party." Plaintiff is represented by the undersigned AND co-counsel Jon Pfieffer. Per the plain meaning of the words of the current rule, counsel Pfeiffer should also be served. Defendants' old and out-of-circuit case law from the 1990s, before Rule 5(b) was amended numerous times, is not binding or persuasive. Serving all the attorneys is common courtesy as well.

**Defendants Should Be Ordered To Answer Or Specify Documents**

Normally, if the information sought by interrogatories is contained in responding party's files and records, it is under a duty to search the records and provide answers. *Govas v. Chalmers*, 965 F.2d 298, 302 (7th Cir. 1992). But where the information sought may be obtained by examining the responding party's business records and answering the questions would require the responding party to engage in burdensome or expensive research, the responding party may answer by

specifying records from which the answer may be obtained and make them available for inspection by the party seeking discovery. FRCP 33(d); *Daiflon Inc. v. Allied Chem. Co.* 534 F.2d 221, 225 (10th cir. 1976). The response must state where in the specified records the answers can be found. *Cambridge Electronics Cor. v. MGA Electronics Inc.* 227 F.R.D. 313, 323 (C.D. Cal. 2004)(insufficient to refer to "business records" without specifying particular documents); *Walt Disney Corp. v. DeFabiis,* 168 F.R.D. 281, 284 (C.D. Cal. 1996)(response must state where in the specified documents the answers can be found). If the records are voluminous, the responding party must produce an index designed to guide the searcher to the documents responsive to the interrogatories. *O'Conner v. Boeing N. Amer. Inc.* 185 F.R.D. 272, 278 (C.D. Cal. 1999).

Defendants' positions regarding numerous (unverified) interrogatory answers, saying that it has produced responsive business records and nothing more, is inadequate. As per above, Defendants have produced over 100,000 pages of documents, not organized in any fashion or indexed by discovery request. Preferably, Defendants should be ordered to answer the interrogatories. Or alternatively, the court should require that specific documents, by Bates number, be identified responsive to each interrogatory by number.

### Detailed Answers Re Affirmative Defenses Should Be Compelled

Defendants' answers include numerous affirmative defenses. Defendants' attorney pled the affirmative defenses so he must have done some investigation and must know relevant facts and law, and must have contentions as to how those facts apply, or the claims cannot be made under Rule 11. Defendants cannot identify any discovery needed from Plaintiff that is preventing them from providing answers to these interrogatories. Detailed answers should be compelled.

### Responses It Is Has No Documents Of Third Parties Are Insufficient

Defendants' positions are vague and ambiguous as it's unclear what searching was done, if any. Instead, the response should say, if accurate, that a

diligent search and reasonable inquiry was made in an effort to locate the documents requested. Plaintiff requests that the court require the same by a declaration from the custodian of records for Defendants.

Further, Defendants say they have no third party documents or documents one would expect James Corbett may have. Corporations may be required to produce documents in the possession or control of its officers. *Riddle Sports, Inc. v. Brooks*, 158 F.R.D. 555, 558-559 (S.D. N.Y. 1994)(corporate party ordered to produce documents made by him and in possession of his attorney). When documents sought by Rule 34 discovery are in possession of a non-party that is affiliated in some way, production may be ordered. *Uniden Amer. Corp. v. Ericcson, Inc.* 181 F.R.D. 302, 307 (M.D. N.C. 1998)(finding defendant had control over documents possessed by sister corporation, and compelling defendant to produce those documents); *Alimenta (USA) Inc. v. Anheuser Busch Corp.* 99 F.R.D. 309, 313 (N.D. Ga. 1983)(sister corporations had acted as one in acts at issue).

**The "Seeks A Legal Conclusion" Objections Should Be Overruled**

Plaintiff is requesting that Defendants apply the facts as they know them to applicable law and then determine which documents support their many affirmative defenses. It is not ground for objection that the documents sought involve an opinion or contention that relates to a fact or the application of fact to law. This objection would only be appropriate where the document sought is a purely legal document. And indeed, one of the fundamental purposes of discovery is to avoid unfair surprise at trial.

DATED: October 27, 2015           Respectfully Submitted,

                                  LAUSON & TARVER LLP


                                  By: /robert lauson/
                                      Robert J. Lauson, Esq.
                                      Attorney for Plaintiff
                                      AARDWOLF LLC

- 5 -