Jordanna Thigpen (232642)
Johnson & Johnson LLP
439 N. Canon Drive, Suite 200
Beverly Hills, CA 90210
Office: (312) 975-1080
Fax: (312) 975-1095
jthigpen@jjllplawcom

Eric J. Menhart (*Admitted Pro Hac Vice*)
Lexero Law
316 F Street NE, Suite 101
Washington, DC 20002
Office: (855) 453-9376
Fax: (855) 453-9376
Eric.Menhart@Lexero.com

Attorneys for Defendant Benjamen Corbett

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| AARDWOLF LLC, <br><br> Plaintiff, <br><br> v. <br><br> AARDWOLF INDUSTRIES SOLE MEMBER LLC, ET AL. <br><br> Defendants. | Case No.:14-cv-09556-GW(JEMx) <br><br> **REPLY IN SUPPORT OF DEFENDANT BENJAMEN CORBETT'S MOTION FOR AWARD OF ATTORNEYS' FEES AND "FULL COSTS" UNDER SECTION 505 OF THE COPYRIGHT ACT** |

/

/

/

Defendant Benjamen Corbett ("Defendant"), through undersigned counsel, hereby files this Reply in support of his Motion for Award of Attorneys' Fees and "Full Costs." Pursuant to 17 U.S.C. § 505, Defendant, as the prevailing party in a copyright infringement action, respectfully maintains its request for this Court to order Plaintiff, as the non-prevailing party, to pay attorney's fees or "full costs."

## I. INTRODUCTION

In its Motion for Award of Attorneys' Fees and "Full Costs," Defendant clearly established that attorneys' fees and costs are both necessary and reasonable. Though Plaintiff attempts to argue against Defendant's rightful acquisition of these costs and fees, its argument is largely ineffective, and rife with material factual and legal errors, as well as egregious assumptions and generalizations.

Although the Court has discretion to decide whether fees are warranted, this discretion necessarily involves a reliance on the case law; as Defendant has amply demonstrated in its Motion and in this Reply, the case law, as well as the facts, are on Defendant's side.

## II. ARGUMENT

### A. The Factors Weigh in Favor of Awarding Corbett Fees, and Plaintiff Fails to Show Otherwise

In its Motion, Defendant thoroughly demonstrated that all factors considered in determining whether a Defendant is entitled to fees in a copyright infringement action point in favor of fees being awarded to Defendant. Plaintiff has failed to show otherwise.

*Prevailing Party*. Plaintiff does not dispute that Defendant is the prevailing party in all claims against him. Plaintiff's claims were ill-conceived from the start,

and easily dismissed or adjudged in favor of Defendant. Plaintiff appears either ignorant or willfully blind in its assertion that "Plaintiff believes it was a close question as to whether any reasonable jury could have found for Plaintiff [as to the issues in the motion for summary judgment]." Plaintiff's Opp. at p. 2, ¶¶16-17. Instead, and in direct opposition to this claim, the Court stated in its Tentative Ruling on Defendant's Motion for Summary Judgment[1] that "[w]here originality is clear and undisputed, however, courts can decide the issue as a matter of law." P. 13. Clearly, the Court's ruling on the issue of originality demonstrates absolutely that the issue was not a "close question." Based on the foregoing, therefore, this factor weighs heavily in favor in Defendant.

***Complete Success***. Plaintiff claims that Defendant's success was not complete, particularly because, according to Plaintiff, the ruling was narrow and the issues of "enforceability, ownership, and waiver" remain. Plaintiff's Opp. at p. 4, ¶¶ 20-22. Plaintiff is incorrect in this assertion. All three claims asserted by Plaintiff against Defendant were either dismissed or subject to summary judgment in favor of Defendant. Defendant therefore achieved complete success as far as the claims asserted against him. Furthermore, nowhere in its original Complaint or Amended Complaint did Plaintiff assert any claims regarding ownership of the logo. Therefore, it is unclear why Plaintiff believes that any supposedly remaining questions of ownership has any bearing on the issue of Defendant's complete success in this matter. It is clear that this factor weighs heavily in favor of Defendant.

---

[1] Which was later adopted as the Court's final decision.
Reply in Support of Defendant's Motion for Award of Attorneys' Fees and "Full Costs" Under Section 505 of the Copyright Act

1      ***Frivolousness/Objective Unreasonableness***. Plaintiff asserts that its claims were not frivolous because they "were not based on fantasy or a persistent false psychotic belief." Plaintiff's Opp. at p. 3, ¶ 12. However, Plaintiff is misstating the law. A claim is not considered frivolous *only* when it is "fantastic" or "delusional"; instead, "fantastic" or "delusional" claims are simply examples of what constitute "clearly baseless," and therefore "frivolous," claims. *See Moofly Prods., LLC v. Favila*, 2015 U.S. Dist. LEXIS 121476 (C.D. Cal. Sept. 8, 2015) (citing *Neitzke v. Williams*, 490 U.S. 319, 325-28 (1989). Plaintiff's claims against Defendant were "clearly baseless" because, upon information and belief, Plaintiff knew both that Defendant possesses a valid copyright registration for the logo with the United States Copyright Office, as well as that Plaintiff had no rights, "fair use" or otherwise, in the logo in the United States.

     Furthermore, even if Plaintiff were correct that its claims were not frivolous, "a finding of bad faith, frivolous or vexatious conduct is no longer required" in order for a prevailing defendant to receive attorneys' fees in a copyright matter. *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 560 (9th Cir. 1996). Therefore, Defendant is entitled to attorneys' fees.

     ***Improper Motives.*** It is abundantly clear that Plaintiff had improper motives in bringing these claims against Defendant. Plaintiff and Defendants have a history of business competition, and Plaintiff has a history of engaging in bad acts against Defendants. *See* Exhibits #1, 2, 3, 4. Furthermore, upon information and belief, Plaintiff knew that the purported Trademark Deed did not carry with it the copyrights in the logo, but used the logo anyway in its business in the United

States.² *See* Exhibit #5. Only after engaging in copyright infringement did Plaintiff bring these claims against Defendant in a *post hoc* attempt to justify Plaintiff's bad behavior, regardless of the fact that it is obvious that Defendant owns the rights to the logo. It is clear that this factor weighs heavily in favor of Defendant.

     ***Deterrence/Compensation***. The awarding of attorneys' fees and costs to Defendant are necessary in order to advance considerations of deterrence and compensation. Here, both deterrence and compensation are warranted and necessary. Plaintiff had blatantly improper motives in bringing these claims against Defendant, essentially attempting to justify Plaintiff's infringing behavior after the fact, and continuing to do so even after the Court had ruled in Defendant's favor. Ordering Plaintiff to pay costs and fees to Defendant will act as deterrence to those deep-pocketed potential copyright plaintiffs who would attempt to bring meritless, bad faith suits against legitimate artists, who, even if technically prevailing, would essentially "lose" the case were they not able to recover attorneys' fees. Therefore, this factor also weighs in favor of Defendant.

     As demonstrated above, a proper reading of case law and a thorough investigation of the facts and rulings in this case show that an award of attorneys' fees and costs to Defendant is proper.

**B. Prevailing Defendant's Fee Request is Justified and Reasonable**

     **1. Defendant's Attorneys' Fees Are Justified**

     Plaintiff's attorney is either willfully blind or ignorant of Plaintiff's various business endeavors when he states that "Plaintiff is a start-up." Plaintiff's Opp. at

---

² The Deed states, "For the consideration of $5,000.00, receipt of which is hereby acknowledged, Assignor hereby assigns to the Assignee all its rights and title to the Trade Marks, the applications, and common law rights." Provision 1.1.

p. 6, ¶ 7. Although Aardwolf LLC may have no employees and little or no revenue or assets, Nhon Hoa "Harry" Nguyen, the owner of Aardwolf LLC, is by no means financially weaker than Defendant. Upon information and belief, Nguyen only created Aardwolf LLC in order to bring this lawsuit against Defendants, so that his "real" businesses would not be at risk of financial loss or of court inquiries during discovery. Nguyen's "real" businesses are Abaco Machines USA, Inc. and Ausavina, both of which are engaged in the same field of business as Defendants, and both of which have also engaged in egregious trademark and copyright infringement. *See* Exhibits #6, 7, 8. Plaintiff is clearly a bad actor intent on misappropriating Defendant's intellectual property for his own corporate purposes. Defendant's attorneys' fees are justified.

**2. Defendant's Attorneys' Fees are Reasonable**

Essentially all of Plaintiff's assertions as to Defendant's attorneys are generalized assumptions based on poor research and outdated beliefs. Based on Defendant's attorneys' various credentials and qualifications, the fees assessed are entirely reasonable.

Lexero Law is not a "virtual law office." Plaintiff's Opp. at p. 6, ¶ 18-19. Lexero Law's brick-and-mortar offices are located at 316 F St. NE, Suite 101, Washington, DC 20002. *See* Exhibit #9. Furthermore, Lexero Law employs a paralegal, Emma Alensuela, and an Associate Attorney, Bianca Black.

Eric Menhart is a member of the District of Columbia, Maryland, and Massachusetts Bars, and has been a barred attorney since 2006. He graduated from the George Washington University Law School, has appeared in federal courts such as the United States District Courts for the District of Columbia, Maryland,

and Massachusetts, and has also appeared *pro hac vice* in in courts across the country. Menhart has been quoted or featured in numerous media and academic outlets, including *The New York Times, The Washington Post, USA Today,* National Public Radio, Forbes.com, and more, and has also had two of his legal articles published by recognized journals. *See* Exhibit #10. According to Mr. Lauson's website biography, he has none of these accolades. *See* Exhibit #11.

On what does Plaintiff base its assertion that nearly ten years of experience is not substantial? particularly when the ten years of legal experience and expertise Furthermore, where does Plaintiff come up with $325[3] per hour as an acceptable rate for someone with almost ten years of experience? Simply because Plaintiff's attorneys charge a lower rate for their services does not mean that Defendant's attorneys charges too much for theirs.

Kathleen Schwarz (née Hudik) is a member of the Virginia Bar. *See* Exhibits #12, 13. Kathleen graduated from the American University Washington College of Law in 2013. Bianca Black is an attorney, not a Paralegal as Plaintiff suggests, an is a member of the Virginia Bar. *See* Exhibits #14, 15. She graduated from the George Washington University Law School in 2014. Though both Ms. Hudik and Ms. Black are recent graduates[4], being "inexperienced" does not detract from the fact that both are intelligent graduates from top, well-respected law schools who assisted in quickly and efficiently winning Benjamen Corbett's case. While Defendants do not dispute that experience is a factor in fee awards, Defendants

---

[3] $475-$150, as per Plaintiff's Opp. at p. 6, ¶¶ 23-24.
[4] Both from law schools that are generally considered more competitive than Lauson's Southwestern University School of Law.

Reply in Support of Defendant's Motion for Award of Attorneys' Fees and "Full Costs" Under Section 505 of the Copyright Act

1  chose their representation in no small part on demonstrated talent, accolades, and
2  recognized credibility.
3  　　　Furthermore, Defendant is not sure what relevance being an "inexperienced
4  biller" (Plaintiff's Opp. at p. 7, ¶ 8-9) has to this matter, as experience in billing
5  has nothing to do with being able to determine how much time was spent on a
6  particular matter. Additionally, the supposition that "she [Ms. Black] is new to the
7  case and likely not up to speed or inefficient [sic]" is a gross generalization, and a
8  false assumption. Plaintiff's Opp. at p. 7, ¶ 10. Ms. Black spent numerous hours
9  familiarizing herself with this matter and performing strong attorney work for the
10 Defendant that helped lead to the successful result.
11 　　　Jordanna Thigpen is a member of the California, New York, and District of
12 Columbia Bars. She is a Senior Associate at Johnson & Johnson LLP, with over
13 ten years of experience. She has served in many high-level positions and has had a
14 great deal of success in her legal practice. *See* Exhibit #16. If anything, $475/hour
15 is too low for someone of Ms. Thigpen's caliber and experience.
16 　　　Clearly, Plaintiff was lacking correct information as to all of Defendant's
17 attorneys, causing Plaintiff to make numerous baseless assumptions. Based on the
18 foregoing, Defendant's attorneys' listed fees are reasonable and warranted.
19 　　　**3. Defendant's Attorney's Travel is Reimbursable**
20 　　　Plaintiff is misguided in most of its assertions as to Defendant's attorney's
21 travel time. First, Defendant is not aware of any rule requiring a client to hire an
22 attorney in the state in which a lawsuit is brought against him simply to reduce
23 travel costs; instead, a client is entitled to choose whichever attorney he believes
24 can represent his interests best. In this case, Defendant chose Mr. Menhart, who is

admitted *pro hac vice* in this court. (ECF No. 29). Second, "while the Court may in its discretion reduce the fees owed related to travel, the Court may also award travel time in full." *Transbay Auto Serv. v. Chevron U.S.A., Inc.*, 2013 U.S. Dist. LEXIS 31806 (N.D. Cal. Mar. 6, 2013)(citing *McDonald v. Armontrout*, 860 F.2d 1456, 1463 (8th Cir. 1988)). "The central inquiry is whether the time sought is reasonable." *Transbay*, 2013 U.S. Dist. LEXIS 31806 (declining to reduce fees related to travel time because it was not clear that all the hours were purely for travel – for example, some of the travel time was also used for preparation – and because the travel hours constituted less than ten percent of total hours billed). Here, Defendant's attorney's fees for travel time are entirely reasonable. Defendant's attorney prepared for hearings in the case as he was traveling. Additionally, Defendant's attorney's travel time, per "Attorney's Time" (ECF No. 95-3), was 30 hours, out of a total of 292.2 hours billed. This constitutes almost exactly ten percent of the total hours billed. Furthermore, Defendant's attorney did not bill Defendant fully for these 30 hours; instead, Defendant's attorney billed Defendant for either one-third or one-half of these hours, depending on the subject matter[5] of the hearings for which he was traveling. Therefore, Defendant's attorney's fees related to travel time were entirely reasonable, and these fees should be paid by Plaintiff.

### 4. Declaration of Eric Menhart is Standard and Reliable

Defendant's attorney Eric Menhart's declaration is a standard affidavit. It is supported by clear time records, as well as an explanation of the process used for

---

[5] For example, if the hearing was for Defendants AISMLLC, Aardwolf Australia, and Corbett, Corbett's attorney would bill one-third to Corbett; if the hearing was only for one other Defendant in addition to Corbett, he would bill one-half to Corbett. (ECF 95-3).

Reply in Support of Defendant's Motion for Award of Attorneys' Fees and "Full Costs" Under Section 505 of the Copyright Act

determining Defendant's fees in the case. Defendant is unsure why Plaintiff is concerned with this affidavit.

### 5. Purposes of Copyright Act

Plaintiff has misstated and misinterpreted the legal standard for this factor. "Under the Copyright Act, the question is whether a successful *defense* of the action furthered the purposes of the Act, not whether a *fee award* would do so." *Mattel Inc. v. Walking Mt. Prods.*, 353 F.3d 792, 816 (9th Cir. 2003) (citing *Fogerty*, 510 U.S. at 527). Plaintiff attempts to argue that Defendant's registration and enforcement of his mark is contrary to the purposes of the Copyright Act. Plaintiff's Opp. at p. 10, ¶¶ 1-6. This is not only untrue, but it also has no bearing on the determination of fees. Instead, the primary purposes of the Copyright Act stated by Plaintiff – "to encourage the production of original literary, artistic and musical expression for the good of the public" and "to secure a fair return for an author's creative labor and thereby to stimulate artistic creativity for the general public good" – actually favor of Defendant. Plaintiff's Opp. at p. 9, ¶¶ 8-12. Defendant's successful defense of this case against Plaintiff will encourage the production of original artistic expression and secure a fair return for Defendant's creative labor: it will demonstrate to other artists that their original works can successfully be protected from deep-pocketed bullies intent on misappropriating the artists' own creative work for commercial purposes. Therefore, this factor also weighs heavily in favor of this Court's awarding fees to Defendant.

## IV. CONCLUSION

Based on the foregoing, Defendant respectfully requests that the Court order Plaintiff to pay Defendant's attorneys' fees and "full costs" associated with litigation of the copyright infringement issue.

/s/ Eric J. Menhart

Eric J. Menhart, Esq. *

* *Admitted Pro Hac Vice*

/s/ Jordanna Thigpen

Jordanna Thigpen, Esq.

Attorneys for Defendant Benjamen Corbett

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed via ECF and all parties of record were automatically notified via that system.

/s/ Eric J. Menhart

Eric J. Menhart, Esq. *

* *Admitted Pro Hac Vice*