```
 1                UNITED STATES DISTRICT COURT

 2       CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

 3                    HONORABLE GEORGE WU

 4            UNITED STATES DISTRICT JUDGE PRESIDING

 5                          - - -

 6
     Aardwolf LLC,                    )
 7                  PLAINTIFF,        )
                                      )
 8   VS.                              )  NO. CV 14-9556 GW
                                      )
 9   Aardwolf Industries Sole Member  )
     LLC,                             )
10                  DEFENDANT,        )
     _____)
11

12

13

14           REPORTER'S TRANSCRIPT OF PROCEEDINGS

15                 LOS ANGELES, CALIFORNIA

16                 THURSDAY, JUNE 18, 2015

17

18

19           _____

20              KATIE E. THIBODEAUX, CSR 9858
                U.S. Official Court Reporter
21              312 North Spring Street, #436
                Los Angeles, California 90012
22

23

24

25
```

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

```
 1   APPEARANCES OF COUNSEL:

 2


 3   FOR PLAINTIFF:

 4       LAUSON AND TARVER LLP
         BY:  ROBERT J. LAUSON
 5       880 Apollo Street
         Suite 301
 6       El Segundo, CA  90245

 7


 8


 9   FOR DEFENDANT:

10       LEXERO LAW FIRM
         BY:  ERIC J. MENHART
11       316 F Street NE
         Suite 101
12       Washington, DC 20002

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1          LOS ANGELES, CALIFORNIA; THURSDAY, JUNE 18, 2015
 2                         8:58 A.M.
 3                          - - - - -
 4
 5        THE COURT:  Let me call the matter of Aardwolf
 6   versus Aardwolf.
 7        MR. MENHART:  Good morning, your Honor.  Eric
 8   Menhart on behalf of defendants.
 9        MR. LAUSON:  Good morning, your Honor.  Robert
10   Lauson for plaintiff.
11        THE COURT:  All right.  Let me ask, why don't you
12   guys want to go to mediation?
13        MR. MENHART:  Your Honor, that would basically be
14   our concern.  There are numerous issues of law that need
15   to be considered here, and we have, quite frankly,
16   reached out to the other side and we have said, look, we
17   are willing to settle with the following two caveats.
18   And we basically set them out.  And at this point we have
19   not received anything back from the other side that
20   indicates that there is any possibility of settling under
21   those circumstances.  So that being said.  And I love
22   mediation.  Mediation and I are BFF's except when we have
23   situations --
24        THE COURT:  Wait a second.  Wait a second.  B
25   what?
```

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

```
 1            MR. MENHART:  BFF, your Honor.
 2            THE COURT:  BFF.
 3            MR. MENHART:  Best Friends Forever, me and
 4   mediation.  But the problem is, your Honor, I have also
 5   sat in mediations in these situations and everyone just
 6   looks at each other because there is no chance of it
 7   getting settled, and, unfortunately, I think that is the
 8   case here.
 9            THE COURT:  Let me hear from the plaintiff's
10   counsel.
11            MR. LAUSON:  Your Honor, plaintiff would like to
12   go to mediation, and we think that there is a possibility
13   the case could settle.
14            THE COURT:  Okay.  Let me just ask, the two terms
15   that you are talking about, what are the two terms?
16            MR. MENHART:  Sure.  As you know, the entire case
17   rests on who owns the right to the trademark.  We have
18   basically said we are not going to settle unless we know
19   that we have the rights to the trademark.  It is as
20   simple as that.
21            And the simple reality is that there are many
22   legal issues that could end up leading to that result
23   where one side or the other is proclaimed as the owner of
24   the mark.  And so we said unless there is an opportunity
25   for us to own the mark --
```

```
 1          THE COURT:  When you say own the mark, are you
 2   talking about owning the mark worldwide or in particular
 3   areas?
 4          MR. MENHART:  For purposes of this case, in the
 5   United States.
 6          THE COURT:  Okay.  Let me just ask, is your client
 7   so concerned that it, you know, will not give up the
 8   United States in regards to this mark?
 9          MR. LAUSON:  Your Honor, our client isn't using
10   the mark presently.
11          THE COURT:  Okay.
12          MR. LAUSON:  And you know --
13          THE COURT:  Let me put it this way, it seems like
14   you guys should go to mediation because frankly this case
15   can be mediated and probably can be mediated somewhat
16   successfully.  You don't have to have -- what you are
17   asking for is you are asking for them to have conceded
18   something before the mediation even starts which would be
19   something they would use as a bargaining chip.
20              They are not going to do that beforehand, but
21   they might do it in the course of the mediations.  That
22   is the reason you go to mediation.
23          MR. MENHART:  And our response to that would
24   simply be, look, if you are willing to do that, just tell
25   us you are willing to do that.  But that is the problem.
```

```
 1          THE COURT:  That is like you saying give us your
 2   last and best now before we go into mediation otherwise
 3   we are not going to go to the mediation.  It doesn't work
 4   that way.  You need to get in front of somebody who beats
 5   you both up.
 6          And so my advice is to -- who is the
 7   magistrate judge in this?
 8          MR. MENHART:  Judge McDermott, I believe.
 9          THE COURT:  He is good.  He will beat you up.
10          MR. MENHART:  Basically, your Honor, given that
11   you are ruling that mediation is appropriate, we would
12   ask that there be some limits.  I think if there is
13   opportunity here, it will be very clear very quickly.
14          THE COURT:  I don't understand what you just said.
15          MR. MENHART:  Sure.  I think there should be some
16   limit.
17          THE COURT:  When you say some limit, some limits
18   on what?
19          MR. MENHART:  Some limits on the time invested in
20   mediation.
21          THE COURT:  Let me put it this way, I, usually,
22   when I do a mediation, I can tell within the first 10
23   minutes whether or not the matter is going to settle.
24          MR. MENHART:  Agreed.
25          THE COURT:  But it has to be a good faith 10
```

1   minutes.  It is not just I am going to sit there and look
2   at my watch and not talk about it with you guys.  What I
3   will do is I will refer you to Judge McDermott and call
4   him and see if you can get in front of him before the end
5   of November.  And what I will do is I will set this
6   matter for another status conference on December 3rd.  I
7   want this case to be resolved.  Okay.  And if he says
8   that you guys put in a good faith effort, then, that is
9   all I want is a good faith effort to try to resolve it.
10  And if you guys can't, I understand that.  But if he says
11  one side or the other was dawdling or was not being
12  cooperative, then I will do something nasty.
13          MR. MENHART:  Your Honor, one additional note is
14  that we are still in the process of discovery.  So given
15  the mediation ruling, would it be possible to defer it?
16          THE COURT:  Sure.  When do you think that you will
17  have enough discovery to mediate more thoughtfully?
18          MR. MENHART:  Both sides have exchanged documents.
19  We have discussed depositions amongst various clients,
20  various parties.  And so at this point, it looks like the
21  depositions are going to be in early November.  So what I
22  would suggest --
23          THE COURT:  Let me just stop. It seems to me that
24  some of the depositions, are they going to be here in
25  this country or are they going to be in Australia?  Where

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

```
 1   are they going to be?
 2         MR. MENHART:  Unfortunately, that is something
 3   that we need to get resolved.
 4         THE COURT:  You want to go to the Great Barrier
 5   Reef which is appealing.
 6         MR. MENHART:  It is a beautiful area.  I
 7   honeymooned there.
 8         THE COURT:  Let me do this.  I don't want to have
 9   a situation where the big stumbling block winds up being
10   attorney's fees or something like that that would prevent
11   a successful mediation.  So I will give you some time,
12   but I just don't want you guys to spend a lot of time and
13   effort on discovery which could be used to resolve the
14   matter.
15         Let me just ask, I presume, then, that --
16   would you be going before Christmas or after Christmas to
17   Australia?
18         MR. MENHART:  Actually, I honeymooned in Australia
19   previously, but, in this particular case, I think we
20   would have to go after the issue is resolved and that, I
21   guess, would be December or, frankly, January.  I'm not
22   trying to delay, but that is just the reality.
23         THE COURT:  Let me ask plaintiff's counsel, do you
24   agree?
25         MR. LAUSON:  I am not sure what I am supposed to
```


```
 1   are they going to be?
 2         MR. MENHART:  Unfortunately, that is something
 3   that we need to get resolved.
 4         THE COURT:  You want to go to the Great Barrier
 5   Reef which is appealing.
 6         MR. MENHART:  It is a beautiful area.  I
 7   honeymooned there.
 8         THE COURT:  Let me do this.  I don't want to have
 9   a situation where the big stumbling block winds up being
10   attorney's fees or something like that that would prevent
11   a successful mediation.  So I will give you some time,
12   but I just don't want you guys to spend a lot of time and
13   effort on discovery which could be used to resolve the
14   matter.
15         Let me just ask, I presume, then, that --
16   would you be going before Christmas or after Christmas to
17   Australia?
18         MR. MENHART:  Actually, I honeymooned in Australia
19   previously, but, in this particular case, I think we
20   would have to go after the issue is resolved and that, I
21   guess, would be December or, frankly, January.  I'm not
22   trying to delay, but that is just the reality.
23         THE COURT:  Let me ask plaintiff's counsel, do you
24   agree?
25         MR. LAUSON:  I am not sure what I am supposed to
```

```
 1  agree to.
 2          THE COURT:  What he just said.  In other words,
 3  before there could be a successful attempt at mediation
 4  that there has to be some initial discovery and that
 5  discovery, unfortunately, will have to take place in very
 6  nice locations around the world and won't be done until
 7  sometime after the new year.
 8          MR. LAUSON:  I disagree with that for numerous
 9  reasons.
10          First of all, the discovery cutoff is
11  December 4th.  Earlier in the case, defendants agreed to
12  bring witnesses here.  But, now, we have asked for
13  another witness, and so they have withdrawn that.  And
14  they filed a protective order for all the witnesses, and
15  they delayed giving us documents.  We recently got 20,000
16  documents.  It is just -- just the last few days we have
17  been through 5,000 of the documents and it is just a
18  bunch of garbage.  And none of it is indexed.
19          THE COURT:  I don't need to hear the laundry list.
20  If the cut-off date is December 4th, the cutoff date is
21  December 4.
22          MR. MENHART:  Sure.  What I will say is they have
23  a pending motion to extend which we have not opposed.  So
24  that is currently on the docket.
25          THE COURT:  Let me put it this way, I will require
```

1  the mediation to be done by December 3rd.  I will set
2  this matter for a post mediation status conference for
3  December 3rd.  And, you know, you can do whatever
4  discovery you want obviously up until that point in time,
5  and if you want an extension, well, we will see what
6  happens then.
7           But I want this matter to be mediated in front
8  of Judge McDermott, or if both sides agree to somebody
9  else, that is fine.  If you can't agree, then it will be
10 in front of Judge McDermott.
11         (Court and clerk confer.)
12          THE COURT:  Okay.  I will leave the October 26 for
13 the discovery one, but I am denying the motion to not --
14 to excuse mediation.  I want this matter to be mediated,
15 and I have given them a post mediation status conference
16 date.
17          MR. MENHART:  Your Honor, just we do not oppose
18 the motion on the 26th, the extension of discovery.  So
19 if you still want to have a hearing on that, that is
20 fine.  But all we are going to do is come in here and say
21 we don't oppose it.
22          THE COURT:  I want you to tell me at that point in
23 time what guys have done towards the issue of mediation.
24          MR. MENHART:  Okay.
25          THE COURT:  In other words, have you selected a

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

```
 1  mediator, have you selected a date, et cetera, et cetera.
 2  If you haven't, then my chance of granting the extension
 3  of discovery is probably nil.
 4          MR. MENHART:  Sounds fine.
 5          THE COURT:  And you can appear telephonically so
 6  you don't have to drive all the way down here because you
 7  have seen the courtroom.  It is nice.  It is very
 8  beautiful.
 9          MR. MENHART:  Thank you, your Honor.
10          THE COURT:  Anything else, gentlemen?
11          MR. LAUSON:  Nothing else.
12          THE COURT:  All right.  It is always a pleasure.
13          MR. MENHART:  You as well, your Honor.
14          THE COURT:  Okay.  Have a nice day.
15  (Proceedings concluded.)
16
17
18
19
20
21
22
23
24
25
```

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 1 | CERTIFICATE |
| 2 | |
| 3 | |
| 4 | I hereby certify that pursuant to Section 753, Title 28, |
| 5 | United States Code, the foregoing is a true and correct |
| 6 | transcript of the stenographically reported proceedings held |
| 7 | in the above-entitled matter and that the transcript page |
| 8 | format is in conformance with the regulations of the |
| 9 | Judicial Conference of the United States. |
| 10 | Date:  October 21, 2015 |
| 11 | |
| 12 |  /s/ Katie Thibodeaux, CSR No. 9858, RPR, CRR |

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **/** <br> **/s** [1]  12/12 | **as** [6]  4/16 4/19 4/20 4/23 5/19 11/13 <br> **ask** [6]  3/11 4/14 5/6 6/12 8/15 8/23 <br> **asked** [1]  9/12 <br> **asking** [2]  5/17 5/17 <br> **attempt** [1]  9/3 <br> **attorney's** [1]  8/10 <br> **Australia** [3]  7/25 8/17 8/18 | **cut-off** [1]  9/20 <br> **cutoff** [2]  9/19 9/20 <br> **cv** [1]  1/8 |
| **1** | | **D** |
| **10** [2]  6/22 6/25 <br> **101** [1]  2/11 <br> **14-9556** [1]  1/8 <br> **18** [2]  1/16 3/1 | **B** | **date** [5]  9/20 9/20 10/16 11/1 12/10 <br> **dawdling** [1]  7/11 <br> **day** [1]  11/14 <br> **days** [1]  9/16 <br> **DC** [1]  2/12 <br> **December** [7] <br> **December 3rd** [3]  7/6 10/1 10/3 <br> **December 4** [1]  9/21 <br> **December 4th** [1]  9/11 <br> **DEFENDANT** [2]  1/10 2/9 <br> **defendants** [2]  3/8 9/11 <br> **defer** [1]  7/15 <br> **delay** [1]  8/22 <br> **delayed** [1]  9/15 <br> **denying** [1]  10/13 <br> **depositions** [3]  7/19 7/21 7/24 <br> **disagree** [1]  9/8 <br> **discovery** [10] <br> **discussed** [1]  7/19 <br> **DISTRICT** [3]  1/1 1/2 1/4 <br> **DIVISION** [1]  1/2 <br> **do** [14] <br> **docket** [1]  9/24 <br> **documents** [4]  7/18 9/15 9/16 9/17 <br> **doesn't** [1]  6/3 <br> **don't** [8] <br> **done** [3]  9/6 10/1 10/23 <br> **down** [1]  11/6 <br> **drive** [1]  11/6 |
| **2** | **back** [1]  3/19 <br> **bargaining** [1]  5/19 <br> **Barrier** [1]  8/4 <br> **basically** [4]  3/13 3/18 4/18 6/10 <br> **be** [26] <br> **beat** [1]  6/9 <br> **beats** [1]  6/4 <br> **beautiful** [2]  8/6 11/8 <br> **because** [3]  4/6 5/14 11/6 <br> **been** [1]  9/17 <br> **before** [5]  5/18 6/2 7/4 8/16 9/3 <br> **beforehand** [1]  5/20 <br> **behalf** [1]  3/8 <br> **being** [3]  3/21 7/11 8/9 <br> **believe** [1]  6/8 <br> **best** [2]  4/3 6/2 <br> **BFF** [2]  4/1 4/2 <br> **BFF's** [1]  3/22 <br> **big** [1]  8/9 <br> **block** [1]  8/9 <br> **both** [3]  6/5 7/18 10/8 <br> **bring** [1]  9/12 <br> **bunch** [1]  9/18 | |
| **20,000** [1]  9/15 <br> **20002** [1]  2/12 <br> **2015** [3]  1/16 3/1 12/10 <br> **21** [1]  12/10 <br> **26** [1]  10/12 <br> **26th** [1]  10/18 <br> **28** [1]  12/4 | | |
| **3** | | |
| **301** [1]  2/5 <br> **312** [1]  1/21 <br> **316** [1]  2/11 <br> **3rd** [3]  7/6 10/1 10/3 | | |
| **4** | | |
| **436** [1]  1/21 <br> **4th** [2]  9/11 9/20 | | |
| **5** | | |
| **5,000** [1]  9/17 | | |
| **7** | **C** | |
| **753** [1]  12/4 | **CA** [1]  2/6 <br> **CALIFORNIA** [4]  1/2 1/15 1/21 3/1 <br> **call** [2]  3/5 7/3 <br> **can** [6]  5/15 5/15 6/22 7/4 10/3 11/5 <br> **can't** [2]  7/10 10/9 <br> **case** [8] <br> **caveats** [1]  3/17 <br> **CENTRAL** [1]  1/2 <br> **CERTIFICATE** [1]  12/1 <br> **certify** [1]  12/4 <br> **cetera** [2]  11/1 11/1 <br> **chance** [2]  4/6 11/2 <br> **chip** [1]  5/19 <br> **Christmas** [2]  8/16 8/16 <br> **circumstances** [1]  3/21 <br> **clear** [1]  6/13 <br> **clerk** [1]  10/11 <br> **client** [2]  5/6 5/9 <br> **clients** [1]  7/19 <br> **Code** [1]  12/5 <br> **come** [1]  10/20 <br> **conceded** [1]  5/17 <br> **concern** [1]  3/14 <br> **concerned** [1]  5/7 <br> **concluded** [1]  11/15 <br> **confer** [1]  10/11 <br> **conference** [4]  7/6 10/2 10/15 12/9 <br> **conformance** [1]  12/8 <br> **considered** [1]  3/15 <br> **cooperative** [1]  7/12 <br> **correct** [1]  12/5 <br> **could** [4]  4/13 4/22 8/13 9/3 <br> **counsel** [3]  2/1 4/10 8/23 <br> **country** [1]  7/25 <br> **course** [1]  5/21 <br> **COURT** [3]  1/1 1/20 10/11 <br> **courtroom** [1]  11/7 <br> **CRR** [1]  12/12 <br> **CSR** [2]  1/20 12/12 <br> **currently** [1]  9/24 <br> **cut** [1]  9/20 | |
| **8** | | **E** |
| **880** [1]  2/5 <br> **8:58** [1]  3/2 | | **each** [1]  4/6 <br> **Earlier** [1]  9/11 <br> **early** [1]  7/21 <br> **effort** [3]  7/8 7/9 8/13 <br> **El** [1]  2/6 <br> **else** [3]  10/9 11/10 11/11 <br> **end** [2]  4/22 7/4 <br> **enough** [1]  7/17 <br> **entire** [1]  4/16 <br> **entitled** [1]  12/7 <br> **ERIC** [2]  2/10 3/7 <br> **et** [2]  11/1 11/1 <br> **even** [1]  5/18 <br> **everyone** [1]  4/5 <br> **everyone just** [1]  4/5 <br> **except** [1]  3/22 <br> **exchanged** [1]  7/18 <br> **excuse** [1]  10/14 <br> **extend** [1]  9/23 <br> **extension** [3]  10/5 10/18 11/2 |
| **9** | | |
| **90012** [1]  1/21 <br> **90245** [1]  2/6 <br> **9556** [1]  1/8 <br> **9858** [2]  1/20 12/12 | | |
| **A** | | **F** |
| **A.M** [1]  3/2 <br> **Aardwolf** [4]  1/6 1/9 3/5 3/6 <br> **about** [3]  4/15 5/2 7/2 <br> **above** [1]  12/7 <br> **above-entitled** [1]  12/7 <br> **Actually** [1]  8/18 <br> **additional** [1]  7/13 <br> **advice** [1]  6/6 <br> **after** [3]  8/16 8/20 9/7 <br> **agree** [4]  8/24 9/1 10/8 10/9 <br> **agreed** [2]  6/24 9/11 <br> **all** [7] <br> **also** [1]  4/4 <br> **always** [1]  11/12 <br> **am** [4]  7/1 8/25 8/25 10/13 <br> **amongst** [1]  7/19 <br> **ANGELES** [3]  1/15 1/21 3/1 <br> **another** [2]  7/6 9/13 <br> **any** [1]  3/20 <br> **anything** [2]  3/19 11/10 <br> **Apollo** [1]  2/5 <br> **appealing** [1]  8/5 <br> **appear** [1]  11/5 <br> **APPEARANCES** [1]  2/1 <br> **appropriate** [1]  6/11 <br> **are** [21] <br> **area** [1]  8/6 <br> **areas** [1]  5/3 <br> **around** [1]  9/6 | | **faith** [3]  6/25 7/8 7/9 <br> **fees** [1]  8/10 <br> **few** [1]  9/16 <br> **filed** [1]  9/14 <br> **fine** [3]  10/9 10/20 11/4 <br> **FIRM** [1]  2/10 <br> **first** [2]  6/22 9/10 <br> **following** [1]  3/17 <br> **foregoing** [1]  12/5 <br> **Forever** [1]  4/3 <br> **format** [1]  12/8 <br> **frankly** [3]  3/15 5/14 8/21 <br> **Friends** [1]  4/3 <br> **front** [4]  6/4 7/4 10/7 10/10 |
| | | **G** |
| | | **garbage** [1]  9/18 |

**G**
gentlemen [1] 11/10
GEORGE [1] 1/3
get [3] 6/4 7/4 8/3
getting [1] 4/7
give [3] 5/7 6/1 8/11
given [3] 6/10 7/14 10/15
giving [1] 9/15
go [8]
going [11]
good [6] 3/7 3/9 6/9 6/25 7/8 7/9
got [1] 9/15
granting [1] 11/2
Great [1] 8/4
guess [1] 8/21
guys [7]
GW [1] 1/8

**H**
happens [1] 10/6
has [2] 6/25 9/4
have [29]
haven't [1] 11/2
he [5] 6/9 6/9 7/7 7/10 9/2
hear [2] 4/9 9/19
hearing [1] 10/19
held [1] 12/6
here [7]
hereby [1] 12/4
him [2] 7/4 7/4
honeymooned [2] 8/7 8/18
Honor [12]
HONORABLE [1] 1/3

**I**
I'm [1] 8/21
indexed [1] 9/18
indicates [1] 3/20
Industries [1] 1/9
initial [1] 9/4
invested [1] 6/19
is [48]
isn't [1] 5/9
issue [2] 8/20 10/23
issues [2] 3/14 4/22
it [27]

**J**
January [1] 8/21
judge [6] 1/4 6/7 6/8 7/3 10/8 10/10
Judicial [1] 12/9
JUNE [2] 1/16 3/1
just [15]

**K**
KATIE [2] 1/20 12/12
know [5] 4/16 4/18 5/7 5/12 10/3

**L**
last [2] 6/2 9/16
laundry [1] 9/19
LAUSON [3] 2/4 2/4 3/10
law [2] 2/10 3/14
leading [1] 4/22
leave [1] 10/12
legal [1] 4/22
Let [12]
LEXERO [1] 2/10
like [5] 4/11 5/13 6/1 7/20 8/10
limit [2] 6/16 6/17
limits [3] 6/12 6/17 6/19
list [1] 9/19
LLC [2] 1/6 1/9
LLP [1] 2/4

locations [1] 9/6
look [3] 3/16 5/24 7/1
looks [2] 4/6 7/20
LOS [3] 1/15 1/21 3/1
lot [1] 8/12
love [1] 3/21

**M**
magistrate [1] 6/7
many [1] 4/21
mark [6] 4/24 4/25 5/1 5/2 5/8 5/10
matter [8]
McDermott [4] 6/8 7/3 10/8 10/10
me [15]
mediate [1] 7/17
mediated [4] 5/15 5/15 10/7 10/14
mediation [21]
mediations [2] 4/5 5/21
mediator [1] 11/1
Member [1] 1/9
MENHART [2] 2/10 3/8
might [1] 5/21
minutes [2] 6/23 7/1
more [1] 7/17
morning [2] 3/7 3/9
motion [3] 9/23 10/13 10/18
my [3] 6/6 7/2 11/2

**N**
nasty [1] 7/12
NE [1] 2/11
need [4] 3/14 6/4 8/3 9/19
new [1] 9/7
nice [3] 9/6 11/7 11/14
nil [1] 11/3
no [3] 1/8 4/6 12/12
none [1] 9/18
North [1] 1/21
not [14]
note [1] 7/13
Nothing [1] 11/11
November [2] 7/5 7/21
now [2] 6/2 9/12
numerous [2] 3/14 9/8

**O**
obviously [1] 10/4
October [2] 10/12 12/10
October 26 [1] 10/12
off [1] 9/20
Official [1] 1/20
Okay [7]
one [4] 4/23 7/11 7/13 10/13
one additional [1] 7/13
one side [2] 4/23 7/11
opportunity [2] 4/24 6/13
oppose [2] 10/17 10/21
opposed [1] 9/23
order [1] 9/14
other [7]
otherwise [1] 6/2
our [3] 3/14 5/9 5/23
out [2] 3/16 3/18
own [2] 4/25 5/1
owner [1] 4/23
owning [1] 5/2
owns [1] 4/17

**P**
page [1] 12/7
particular [2] 5/2 8/19
parties [1] 7/20
pending [1] 9/23
place [1] 9/5
plaintiff [4] 1/7 2/3 3/10 4/11

plaintiff's [2] 4/9 8/23
pleasure [1] 11/12
point [4] 3/18 7/20 10/4 10/22
possibility [2] 3/20 4/12
possible [1] 7/15
post [2] 10/2 10/15
presently [1] 5/10
PRESIDING [1] 1/4
presume [1] 8/15
prevent [1] 8/10
previously [1] 8/19
probably [2] 5/15 11/3
problem [2] 4/4 5/25
proceedings [3] 1/14 11/15 12/6
process [1] 7/14
proclaimed [1] 4/23
protective [1] 9/14
purposes [1] 5/4
pursuant [1] 12/4
put [4] 5/13 6/21 7/8 9/25

**Q**
quickly [1] 6/13
quite [1] 3/15

**R**
reached [1] 3/16
reality [2] 4/21 8/22
reason [1] 5/22
reasons [1] 9/9
received [1] 3/19
recently [1] 9/15
Reef [1] 8/5
refer [1] 7/3
regards [1] 5/8
regulations [1] 12/8
reported [1] 12/6
Reporter [1] 1/20
REPORTER'S [1] 1/14
require [1] 9/25
resolve [2] 7/9 8/13
resolved [3] 7/7 8/3 8/20
response [1] 5/23
rests [1] 4/17
result [1] 4/22
right [3] 3/11 4/17 11/12
rights [1] 4/19
ROBERT [2] 2/4 3/9
RPR [1] 12/12
ruling [2] 6/11 7/15

**S**
said [6] 3/16 3/21 4/18 4/24 6/14 9/2
sat [1] 4/5
say [4] 5/1 6/17 9/22 10/20
saying [1] 6/1
says [2] 7/7 7/10
second [2] 3/24 3/24
Section [1] 12/4
see [2] 7/4 10/5
seems [2] 5/13 7/23
seen [1] 11/7
Segundo [1] 2/6
selected [2] 10/25 11/1
set [3] 3/18 7/5 10/1
settle [4] 3/17 4/13 4/18 6/23
settled [1] 4/7
settling [1] 3/20
should [2] 5/14 6/15
side [4] 3/16 3/19 4/23 7/11
sides [2] 7/18 10/8
simple [2] 4/20 4/21
simply [1] 5/24
sit [1] 7/1
situation [1] 8/9

## S

situations [2]  3/23 4/5
so [12]
Sole [1]  1/9
some [8]
somebody [2]  6/4 10/8
something [5]  5/18 5/19 7/12 8/2 8/10
sometime [1]  9/7
somewhat [1]  5/15
Sounds [1]  11/4
spend [1]  8/12
Spring [1]  1/21
starts [1]  5/18
STATES [6]  1/1 1/4 5/5 5/8 12/5 12/9
status [3]  7/6 10/2 10/15
stenographically [1]  12/6
still [2]  7/14 10/19
stop [1]  7/23
Street [3]  1/21 2/5 2/11
stumbling [1]  8/9
successful [2]  8/11 9/3
successfully [1]  5/16
suggest [1]  7/22
Suite [2]  2/5 2/11
supposed [1]  8/25
sure [5]  4/16 6/15 7/16 8/25 9/22

## T

take [1]  9/5
talk [1]  7/2
talking [2]  4/15 5/2
TARVER [1]  2/4
telephonically [1]  11/5
tell [3]  5/24 6/22 10/22
terms [2]  4/14 4/15
Thank [1]  11/9
that [50]
them [3]  3/18 5/17 10/15
then [6]  7/8 7/12 8/15 10/6 10/9 11/2
there [13]
these [1]  4/5
they [10]
THIBODEAUX [2]  1/20 12/12
think [6]  4/7 4/12 6/12 6/15 7/16 8/19
this [17]
those [1]  3/21
thoughtfully [1]  7/17
through [1]  9/17
THURSDAY [2]  1/16 3/1
time [5]  6/19 8/11 8/12 10/4 10/23
Title [1]  12/4
towards [1]  10/23
trademark [2]  4/17 4/19
transcript [3]  1/14 12/6 12/7
true [1]  12/5
try [1]  7/9
trying [1]  8/22
two [3]  3/17 4/14 4/15
two caveats [1]  3/17
two terms [2]  4/14 4/15

## U

U.S [1]  1/20
under [1]  3/20
understand [2]  6/14 7/10
unfortunately [3]  4/7 8/2 9/5
UNITED [6]  1/1 1/4 5/5 5/8 12/5 12/9
unless [2]  4/18 4/24
until [2]  9/6 10/4
up [6]  4/22 5/7 6/5 6/9 8/9 10/4
us [4]  4/25 5/25 6/1 9/15
use [1]  5/19
used [1]  8/13
using [1]  5/9

usually [1]  6/21

## V

various [2]  7/19 7/20
versus [1]  3/6
very [4]  6/13 6/13 9/5 11/7

## W

Wait [2]  3/24 3/24
want [12]
was [2]  7/11 7/11
Washington [1]  2/12
watch [1]  7/2
way [5]  5/13 6/4 6/21 9/25 11/6
we [27]
well [2]  10/5 11/13
WESTERN [1]  1/2
what [13]
whatever [1]  10/3
when [5]  3/22 5/1 6/17 6/22 7/16
where [3]  4/23 7/25 8/9
whether [1]  6/23
which [4]  5/18 8/5 8/13 9/23
who [3]  4/17 6/4 6/6
why [1]  3/11
will [17]
willing [3]  3/17 5/24 5/25
winds [1]  8/9
withdrawn [1]  9/13
within [1]  6/22
witness [1]  9/13
witnesses [2]  9/12 9/14
won't [1]  9/6
words [2]  9/2 10/25
work [1]  6/3
world [1]  9/6
worldwide [1]  5/2
would [12]
WU [1]  1/3

## Y

year [1]  9/7
you [48]
your [14]